| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | EPI-TATE 000001 | EPI-TATE 000004 | 06/04/20 | MSG | CLG Update 6-4-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the Climate Legal Group (CLG) at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's analysis and commentary on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 002 | EPI-TATE 000005 | EPI-TATE 000018 | 05/28/20 | PDF Attachment to 001 | California Air Resources Board Presentation, Advanced Clean Cars II Regulations Information Update | | | | Produced | | | |
| 003 | EPI-TATE 000019 | EPI-TATE 000050 | 05/30/20 | PDF Attachment to 001 | City of New York v. BP P.L.C. et al., Docket No. 18-2188 | | | | Produced | John Moore, The City of New York Law Department | Hon. Catherin O'Hagan Wolfe, US. Court of Appeals for the 2nd Circuit | All Counsel of Record |
| 004 | EPI-TATE 000051 | EPI-TATE 000064 | 06/01/20 | PDF Attachment to 001 | UK Government Recovery Efforts | | | | Produced | Ron Cowlet, Active Building Centre, et al., | Rt. Hon. Boris Johnson | |
| 005 | EPI-TATE 000065 | EPI-TATE 000111 | | PDF Attachment to 001 | Memorandum and Opinion by Judge Ikuta, US Court Appeals for the Ninth Circuit, Case No. 18-15937 | | | | Produced | | | |
| 006 | EPI-TATE 000112 | EPI-TATE 000113 | 07/14/20 | MSG | CLG Update 7-14-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's analysis and commentary on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 007 | EPI-TATE 000114 | EPI-TATE 000121 | 07/11/05 | PDF Attachment to 006 | The General Assembly of Pennsylvania House Bill No. 2025 Against Carbon Tax | | | | Produced | | | |
| 008 | EPI-TATE 000122 | EPI-TATE 000172 | 07/13/20 | PDF Attachment to 006 | Commonwealth of Virginia State Air Pollution Control Board, Chapter 140. Regulation for Emissions Trading, Part VII. CO2 Budget Trading Program General Provisions | | | | Produced | | | |
| 009 | EPI-TATE 000173 | EPI-TATE 000182 | 07/09/20 | PDF Attachment to 006 | Wildearth Guardians v. Governor Jared Polis, et al., Complaint for Declaratory and Injunctive Relief | | | | Produced | | | |
| 010 | EPI-TATE 000183 | EPI-TATE 000295 | 07/06/20 | PDF Attachment to 006 | California Public Utilities Commission Climate Disclosure Proposal | | | | Produced | Simon, Anne E. | Parties of Record in Rulemaking 18-04-019 | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 011 | EPI-TATE 000296 | EPI-TATE 000300 | 07/23/20 | MSG | CLG Update 7-23-20 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's analysis and commentary on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 012 | EPI-TATE 000301 | EPI-TATE 000439 | | PDF Attachment to 011 | Environmental Protection Agency, Proposed Rule for Control of Air Pollution from Airplanes and Airplane Engines | | | | Produced | | | |
| 013 | EPI-TATE 000440 | EPI-TATE 000469 | | PDF Attachment to 011 | USA v. State of California, et al., No. 2:19-cv-02142, Memorandum and Order re: Second Cross-Motions for Summary Judgment | | | | Produced | | | |
| 014 | EPI-TATE 000470 | EPI-TATE 000501 | | PDF Attachment to 011 | City of Oakland, et al., v. BP P.L.C., et al., No. 18-16663, Brief of Indiana and 19 Other States as *Amici Curiae* in Support of Defendants-Appellees' Petition for Panel Rehearing and/or Rehearing En Banc | | | | Produced | | | |
| 015 | EPI-TATE 000502 | EPI-TATE 000529 | | PDF Attachment 011 | City of Oakland, et al., v. BP P.L.C., et al., No. 18-16663, Brief of Amicus Curiae Chamber of Commerce of The Untied States of America in Support of Appellees' Petition for Rehearing En Banc | | | | Produced | | | |
| 016 | EPI-TATE 000530 | EPI-TATE 000558 | | PDF Attachment to 011 | Can Mateo, et al., v. Chevron Corporation, et al., No. 18-15499, 18-15502, 18-15503, 18-16376, Brief of Amicus Curiae Chamber of Commerce of The United States of America in Support of Appellants' Petition for Rehearing En Banc | | | | Produced | | | |
| 017 | EPI-TATE 000559 | EPI-TATE 000560 | 07/27/20 | MSG | CLG Update 7-27-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's analysis and commentary on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 018 | EPI-TATE 000561 | EPI-TATE 000570 | Undated | PDF Attachment to 017 | i3, Industry Policy Options for Inclusion in COVID-19 Economic Recovery Legislation | | | | Produced | | | |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 20 | 019 | EPI-TATE 000571 | EPI-TATE 000573 | 07/23/20 | PDF Attachment to 017 | Letter re: Submission of COVID-19 Related Legislation | | | | Produced | Brad Crabtree (Great Plains Institute) and Nicholas Bianco (World Resources Institute | Hon. Mitch McConnell, Hon. Nancy Pelosi, Hon. Chuck Schumer, Hon. Kevin McCarthy | |
| 21 | 020 | EPI-TATE 000574 | EPI-TATE 000819 | | PDF Attachment to 017 | Securities and Exchange Commission, 17 CFR Part 240, Exemption from the Proxy Rules for Proxy Voting Advice | | | | Produced | | | |
| 22 | 021 | EPI-TATE 000820 | EPI-TATE 000821 | 07/28/20 | MSG | CLG Update 7-28-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's analysis and commentary on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 23 | 022 | EPI-TATE 000822 | EPI-TATE 000915 | 07/27/20 | PDF Attachment to 021 | Food & Water Watch, et al., v. Federal Energy Regulatory Commission, No. 20-1132, Brief of Petitioners Food & Water Watch and Berkshire Environmental Action Team | | | | Produced | | | |
| 24 | 023 | EPI-TATE 000916 | EPI-TATE 000917 | 07/24/20 | PDF Attachment to 021 | Letter re: Concerns of decision to stop lending new oil and gas projects in the Artic | | | | Produced | Brian P. Brooks, Comptroller of the Currency | Hon. Dan Sullivan, US Senate | |
| 25 | 024 | EPI-TATE 000918 | EPI-TATE 000919 | 07/24/20 | PDF Attachment to 021 | Letter re: State of Rhode Island v. Shell Oil Prods. Co., et al., No. 19-1818 | | | | Produced | Theodore Boutrous, Jr., Gibson, Dunn & Crutcher LLP | Maria Hamilton, Clerk of Court, US Court of Appeals for the 1st Circuit | All attorneys of record |
| 26 | 025 | EPI-TATE 000920 | EPI-TATE 000922 | 09/29/20 | MSG | CLG Update 9-29-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's analysis and commentary on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 27 | 026 | EPI-TATE 000923 | EPI-TATE 000949 | | PDF Attachment to 025 | H. 688, and Act Relating to Addressing Climate Change, As Passed by House and Senate 2020 | | | | Produced | | | |
| 28 | 027 | EPI-TATE 000950 | EPI-TATE 000995 | | PDF Attachment to 025 | Climate in the Boardroom: How Asset Manager Voting Shaped Corporate Climate Action in 2019 | | | | Produced | Majority Action | | |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 29 | 028 | EPI-TATE 000996 | EPI-TATE 000997 | 08/10/20 | MSG | Climate Legal Group: Possible Change in Meeting Time and Possible New Member | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identification of a potential new member of the CLG and involves an attorney for the CLG seeking input from the CLG members about this potential new member joining the CLG. The email also mentions that the potential new member would be required to sign the CLG's confidentiality agreement prior to attending a meeting with the CLG. This information is not typically released to the public and a heading on the email designates it as privileged and confidential. This information is intended by McGuireWoods and the CLG to remain confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. Under the confidentiality provision of the CLG's by-laws, TVA is prohibited from releasing information within the scope of the CLG's functions and activities, including the identities of CLG members. Disclosure of the confidential information in this email would reveal a potential member of the CLG and adversely impair the expectation that communications would be kept confidential among McGuireWoods, the CLG and its members, causing foreseeable harm to the CLG and its members, the potential new member of the CLG, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members). Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Wood Allison D. | CLG | Flynn, Aaron M.,; Francis, Colin B.; Yarborough, M. Caroline |
| 30 | 029 | EPI-TATE 000998 | EPI-TATE 000999 | 04/02/20 | MSG | Climate Legal Group: Update | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information communicated by McGuireWoods to the CLG and its members, relating to the operations of the CLG. This includes information about the CLG's choice of counsel, the attorneys' fees paid by CLG, the budget of the CLG, and the confidential manner in which the CLG is operated, including the exchanging of information and documents. This information is intended by McGuireWoods, the CLG, and its members to remain confidential. This information is not typically released to the public and a heading on the email designates it as confidential. Under the confidentiality provision of the CLG's by-laws, TVA and other members of the CLG are prohibited from releasing information within the scope of the CLG's functions and activities, including the identities of the members of the CLG, the by-laws, and other materials and information related to the operation of the CLG. This information is considered confidential commercial information by McGuireWoods. Disclosure of this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG. Disclosure of this email would also put McGuireWoods at a competitive disadvantage because it would give competitors access to confidential information regarding how the CLG operates. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members). Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Wood Allison D. | CLG | Flynn, Aaron M. |
| 31 | 030 | EPI-TATE 001000 | EPI-TATE 001000 | 11/17/20 | MSG | Confidential: Final Slides and Attendee List (To Date) for Informational Session | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email adresses) of and information communicated by McGuireeWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and the clients who retained the firm with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential information in this email would reveal the business practice and strategy of McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential information regarding how PGen operates and the advice given by McGuire Woods to PGen and to companies that McGuireWoods anticipates could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Wood Allison D. | PGen (members of PGen are publicly available) | Jaber, Makram B.; Flynn, Aaron M. |
| 32 | 031 | EPI-TATE 001001 | EPI-TATE 001001 | | Word Attachment to 030 | Attendee List of Information Session | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this document consists of the identity (from employee email adresses) of potential PGen members. This informationis intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, its members, and its prospective members and was communicated to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential information in this document would give competitors to McGuireWoods and PGen access to confidential information regarding companies that McGuireWoods and its clients anticipated could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial and business interests<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This document also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 33 | 032 | EPI-TATE 001002 | EPI-TATE 001018 | 11/19/20 | PowerPoint Attachment to 030 | Slides for Information Meeting on Power Generation Air Coalition | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This power point contains confidential commercial information voluntarily submitted by McGuireWoods to TVA and clients that had retained McGuireWoods to provide legal advice on the formation and incorporation of PGen. The confidential information in this document pertains to the structure, governance, budget and dues of PGen, information which is intended by McGuireWoods, PGen, and the clients that had retained McGuireWoods regarding PGen's formation to remain confidential. This information is customarily and actually kept private by McGuireWoods, PGen, its members, and its prospective members and was communicated to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. This PowerPoint has a watermark designating it as confidential. The final slide of this PowerPoint also lists PGen members (information which is publicly available) as well as a potential PGen member, which is confidential information of PGen and McGuireWoods. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of the PGen's functions and activities, including information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding how PGen operates.<br><br>Exemption 6 – The last slide of this PowerPoint also contains direct personal contact information of individuals, in the form of email addresses and direct telephone numbers, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with particular individuals. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |

| | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 34 | 033 | EPI-TATE 001019 | EPI-TATE 001019 | 10/05/20 | MSG | Contacts List | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email adresses) of and information communicated by McGuireeWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, its members, and its prospective members and was communicated to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to potential members of PGen and information related to the formation and operation of PGen. Disclosure of the confidential information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information including the identities of companies McGuireWoods anticipates could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 35 | 034 | EPI-TATE 001020 | EPI-TATE 001020 | | Excel Attachment to 033 | Contact List | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This Excel document contains confidential commercial information consisting of the identity and contact information of potential PGen members identified by McGuireWoods as part of the business strategy regarding the formation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, and its members and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of the PGen's standards and procedures, TVA is prohibited from releasing information within the scope of the PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential information in this email would give competitors to McGuireWoods access to confidential information regarding companies that McGuireWoods anticipates could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 6 – This document also contains direct personal contact information of individuals who are not TVA or McGuireWoods employees, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 36 | 035 | EPI-TATE 001021 | EPI-TATE 001022 | 05/12/20 | MSG | CT RTR Final Rule-Petition for Review Filed May 8, 2020 | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this email consists of attorney-drafted analysis and advice concerning an EPA final rule relevant to TVA's operations. The email is communicated by attorneys at McGuireWoods to TVA and other clients and prospective clients, and it contains mental impressions and opinions regarding legal matters they customarily convey to clients. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and the clients who received it. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the types of information McGuireWoods communicates to clients regarding recent developments in environmental rules and regulations and would give competitors to McGuireWoods access to this confidential commercial information. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client) – This email contains the mental impressions and opinions of McGuireWoods attorneys for the purpose of communicating to clients and prospective clients information and legal analysis related to an EPA final rule. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the McGuireWoods attorney in this email. | Withheld in full | Jaber, Makram B. | Wood, Allison D.; Flynn, Aaron M. | |
| 37 | 036 | EPI-TATE 001023 | EPI-TATE 001051 | 05/08/20 | PDF Attachment to 035 | Sierra Club v. USEPA, et al., No. 20-1149, Petition for Review | | | | Produced | | | |
| 38 | 037 | EPI-TATE 001052 | EPI-TATE 001055 | | PDF Attachment to 035 | No. 20-1149, Docket Sheet | | | | Produced | | | |
| 39 | 038 | EPI-TATE 001056 | EPI-TATE 001057 | 04/15/20 | MSG | CT RTR Final Rule | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods. This email is included in the chain for Doc. 035. The confidential information in this email consists of attorney-drafted analysis and advice concerning an EPA final rule relevant to TVA's operations. The email is communicated by attorneys at McGuireWoods to TVA and other clients and prospective clients, and it contains mental impressions and opinions regarding legal matters they customarily convey to clients. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and the clients who received it. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the types of information McGuireWoods communicates to clients regarding recent developments in environmental rules and regulations and would give competitors to McGuireWoods access to this confidential commercial information. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client) – This email contains the mental impressions and opinions of McGuireWoods attorneys for the purpose of communicating to clients and prospective client information and legal analysis related to an EPA final rule. | | Withheld in full | Jaber, Makram B. | Wood, Allison D.; Flynn, Aaron M. | |
| 40 | 039 | EPI-TATE 001058 | EPI-TATE 001080 | | PDF Attachment to 038 | 85 Fed. Reg. 13524, Final Rule, Nat'l Emission Standards for Hazardous Air Pollutants: Stationary Combustion Turbines Residual Risk and Technology Review | | | | Produced | | | |
| 41 | 040 | EPI-TATE 001081 | EPI-TATE 001081 | 10/03/20 | MSG | Draft Talking Points and Topics of Interest | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this document consists of the identity (from employee email adresses) of potential PGen members. This informationis intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, its members, and its prospective members and was communicated to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential information in this document would give competitors to McGuireWoods and PGen access to confidential information regarding companies that McGuireWoods and its clients anticipated could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial and business interests<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This document also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |

|  | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 |  | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 42 | 041 | EPI-TATE 001082 | EPI-TATE 001082 |  | Word Attachment to 040 | Power Generators Air Coalition, Talking Points for Coalition Membership | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This draft word document contains confidential information voluntarily submitted by McGuireWoods. The confidential information in this document consists of information regarding the formation, governance, and purpose of PGen as well as the substance of the information that will be discussed at PGen meetings, PGen organization, and plans for future meetings and actions. This document has a watermark marking it as privileged and confidential and the information in this document is intended by McGuireWoods and PGen to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, its members, and its prospective members and was provided to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of the PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations, functions, and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential information regarding how PGen operates and the advice given by McGuireWoods to PGen and its members and prospective members. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial and business interests. Duplicate at No. 58 and draft versions at Nos. 122, 126 and 127.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full |  |  |  |
| 43 | 042 | EPI-TATE 001083 | EPI-TATE 001083 |  | Word Attachment 040 | Power Generators Air Coalition, DRAFT - Topics for First Meeting - DRAFT | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This draft document contains confidential information voluntarily submitted by McGuireWoods. The confidential information in this document consists of information that McGuireWoods proposes discussing at the first PGen meeting including updates for members and discussions of short and long term priorities for the group. The documents has a watermark marking it as privileged and confidential and the information in this document is intended by McGuireWoods and PGen to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, its members, and its prospective members and was provided to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations, functions, and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential information regarding how PGen operates and the advice given by McGuireWoods to PGen and its members and prospective members. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full |  |  |  |
| 44 | 043 | EPI-TATE 001084 | EPI-TATE 001084 | 12/15/20 | MSG | End of year accounting for current TVA matter | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This document contains confidential commercial information voluntarily submitted by McGuireWoods. It is included in No. 128. The confidential information in this email consists of information related to the fees charged by McGuireWoods for its legal services to TVA, specifically, the legal representation of TVA by McGuireWoods to provide advice regarding Clean Air Act regulatory developments and compliance. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the details of the services offered to TVA and would foreseeably harm McGuireWoods' commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding what it charges for representations of this type.<br><br>Exemption 6 – This email also contains direct personal contact information of an individual, in the form of a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | Mehta, Khurshid K | Koroa, M Carolyn; Waddell, J Thomas |
| 45 | 044 | EPI-TATE 001085 | EPI-TATE 001086 | 04/16/20 | MSG | EPA Issues Final Rule Reconsidering the Supplemental Finding on MATS and Addressing Risk and Technology Review for the EGU Category | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential information voluntarily submitted by McGuireWoods. The confidential information in this email consists of attorney communications to TVA as a prospective client regarding an EPA final rule directly revelant to TVA's operations. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential information in this email would reveal the business practice and strategy of McGuireWoods with regard to the details of the types of information McGuireWoods communicates to clients regarding developments in environmental rules and regulations and would give competitors of McGuireWoods access to this confidential commercial information. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email contains confidential communications between McGuireWoods and TVA on matters related to the legal services provided by McGuireWoods to TVA, including information which reveals McGuireWoods' work for TVA into the area of attorney advice concerning air regulations and compliance. Documents which reveal the nature of legal services provided, such as documents which reveal work and research into a particular area of the law, fall within the attorney client privilege. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the McGuireWoods attorney in this email. | Withheld in full | Jaber, Makram B. | Koroa, M Carolyn; Mehta, Khurshid K; Waddell, J Thomas |  |
| 46 | 045 | EPI-TATE 001087 | EPI-TATE 001215 |  | PDF Attachment to 044 | Final Rule, National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units—Reconsideration of Supplemental Finding and Residual Risk and Technology Review |  |  |  | Produced |  |  |  |
| 47 | 046 | EPI-TATE 001216 | EPI-TATE 001219 |  | PDF Attachment to 044 | Fact Sheet, Mercury and Air Toxics Standards for Power Plants: Revised Supplemental Finding and Residual Risk and Technology Review Final Rule |  |  |  | Produced |  |  |  |
| 48 | 047 | EPI-TATE 001220 | EPI-TATE 001225 | 12/14/18 | PDF Attachment to 044 | Memo: Compliance Cost, HAP Benefits, and Ancillary Co-Pollutant Benefits for "National Emission Standards for Hazardous Air Pollutants: Coal-and Oil-Fired Electric Utility Steam Generating Units - Reconsideration of Supplemental Finding and Residual Risk and Technology Review" |  |  |  | Produced |  | Docket for Rulemaking: "National Emission Standards for Hazardous Air Pollutants: Coal-and Oil-Fired Electric Utility Steam Generating Units - Reconsideration of Supplemental Finding and Residual Risk and Technology Review" (EPA-HQ-OAR-2018-0794) |  |

| No. | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 048 | EPI-TATE 001226 | EPI-TATE 001227 | 12/14/20 | MSG | Exploratory Committee Meeting today | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this document consists of the identity (from employee email adresses) of potential PGen members. This informationis intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, its members, and its prospective members and was communicated to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential information in this document would give competitors to McGuireWoods and PGen access to confidential information regarding companies that McGuireWoods and its clients anticipated could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial and business interests<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This document also contains direct personal contact information of individuals who are neither TVA nor McGuireWoods employees, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Flynn, Aaron M.; Wood, Allison D. |
| 049 | EPI-TATE 001228 | EPI-TATE 001230 | 04/14/20 | MSG | FW: CAA Regulatory Information and Compliance Matter for TVA | Exemption 4 | Exemption 4 (Confidential Commercial Information of a Submitter) - This document contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential commercial information in this email chain consists of information related to the fees charged by McGuireWoods for its legal services to TVA, specifically, the legal representation of TVA by McGuireWoods to provide advice regarding Clean Air Act regulatory developments and compliance information, and the matters covered by that representation, tailored to TVA's specific needs. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the details of the legal services offered to TVA and would foreseeably harm McGuireWoods' commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding what it charges for representations of this type. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document and the non-exempt portion of this email chain has been produced as No. 188. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |
| 050 | EPI-TATE 001231 | EPI-TATE 001232 | 04/10/20 | PDF Attachment to 049 | Tennessee Valley Authority Clean Air Act Regulatory Information Matter - Letter to TVA re Change of Firm | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This document contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this document concerns the fees charged by McGuireWoods for its legal services to TVA, specifically, the legal representation of TVA by McGuireWoods to provide advice regarding Clean Air Act regulatory developments and compliance information. The document also contains internal contracting/accounting information which is confidential to McGuireWoods. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the details of the legal services offered to TVA and would foreseeably harm McGuireWoods' commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding what it charges for representations of this type.<br><br>Exemption 6 – This email also contains direct personal contact information of an individual in the form of a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | Koroa, M. Carolyn | |
| 051 | EPI-TATE 001233 | EPI-TATE 001234 | 10/08/20 | MSG | FW: Contacts List | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireeWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and the clients who retained the firm with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential information in this email would reveal the business practice and strategy of McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential information regarding how PGen operates and the advice given by McGuire Woods to PGen and to companies that McGuireWoods anticipates could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial and business interests. This email chain contains No. 033.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document and the non-exempt portion of this email chain has been produced as No. 033. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 052 | EPI-TATE 001235 | EPI-TATE 001235 | | Excel Attachment to 051 | Contacts List | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This Excel document contains confidential commercial information consisting of the identity and contact information of potential PGen members identified by McGuireWoods and the clients that retained McGuireWoods to advise on the formation and incorporation of PGen, as part of the business strategy regarding the formation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, and its members and was provided to TVA and other clients with an expectation of privacy. Under the confidentiality provision of the PGen's standards and procedures, TVA is prohibited from releasing information within the scope of the PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential information in this email would give competitors to McGuireWoods access to confidential information regarding companies that McGuireWoods anticipates could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This document also contains direct personal contact information of individuals who are not TVA or McGuireWoods employees, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 053 | EPI-TATE 001236 | EPI-TATE 001237 | 11/17/20 | MSG | FW: Power Generators Air Coalition Informational Meeting | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email concerns potential PGen members and outreach to same. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was provided to TVA as a client that had retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen and the identity of potential PGen members. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods and PGen with regard to PGen's operations and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. This document is part of an email chain also including Nos. 053, 153, and 154.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 55 | 054 | EPI-TATE 001238 | EPI-TATE 001239 | 10/14/20 | MSG | FW: Revised Strawman Documents | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The confidential information in this email consists of a discussion about draft, red-line formation documents for PGen being circulated for comment among the clients that had retained McGuireWoods to advise on PGen's formation, and a discussion of PGen's proposed budget and dues framework. This information is intended by McGuireWoods and PGen to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, its members, and its prospective members and was provided to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. This email chain includes No. 172 (withheld).<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 56 | 055 | EPI-TATE 001240 | EPI-TATE 001241 | 10/02/20 | Word Attachment to 054 | Power Generators Air Coalition Draft Articles of Incorporation | Exemption 4<br>Exemption 5 | Exemption 4 (Confidential Commercial Information of a Submitter) – This draft document dated October 2, 2020, contains confidential commercial information voluntarily submitted by McGuireWoods. This document is a draft articles of incorporation document which discusses the structure of PGen and which was circulated among McGuireWoods attorneys and clients that had retained McGuireWoods to advise on the formation and incorporation or PGen for discussion. The information in this document is intended by PGen and McGuireWoods to remain confidential, is not typically released to the public, and the document has a watermark designating it as confidential. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen. The final version of this document is publicly available on the website for the Virginia State Corporation Commission. Duplicate documents at Nos. 64 and 173.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 57 | 056 | EPI-TATE 001242 | EPI-TATE 001254 | 10/02/20 | Word Attachment 054 | Power Generators Air Coalition Draft By-Laws | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This draft document dated October 2, 2020, contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information consists of a draft bylaws document for PGen which was circulated among McGuireWoods attorneys and clients that had retained McGuireWoods to advise on the formation and incorporation of PGen for discussion. The information in this document is intended by PGen and McGuireWoods to remain confidential, is not typically released to the public, and the document has a watermark designating it as confidential. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen. Duplicate document at No. 174.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 58 | 057 | EPI-TATE 001255 | EPI-TATE 001265 | 10/02/20 | Word Attachment to 054 | Draft Standards and Procedures for the Power Generators Air Coalition | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This draft document dated October 2, 2020, contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information consists of a draft standards and procedures document which discusses the operations of PGen and which was circulated among McGuireWoods attorneys and clients that had retained McGuireWoods to advise on the formation and incorporation of PGen. The information in this document is intended by McGuireWoods to remain confidential, is not typically released to the public, and the document has a watermark designating it as confidential. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen. Duplicates at Nos. 066 and 175; another version at No. 075.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 59 | 058 | EPI-TATE 001266 | EPI-TATE 001266 | | Word Attachment to 054 | Power Generators Air Coalition Talking Points for Coalition Membership | Exemption 4<br>Exemption 5 (Attorney-Client) | Duplicate of No. 041and draft versions at Nos. 122, 126 and 127. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 60 | 059 | EPI-TATE 001267 | EPI-TATE 001268 | 06/15/20 | MSG | FW: TVA Escrow Funds - ************ | Exemption 4 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of information related to fees charged to TVA by McGuireWoods for its legal services to TVA, specifically, the legal representation of TVA by McGuireWoods to provide advice regarding Clean Air Act regulatory developments and compliance. The document also contains information related to a commercial transaction between and among McGuireWoods and TVA related to the provision of legal services, including bank account numbers and internal financial information. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practices and strategy of McGuireWoods with regard to the details of the legal services the firms offer to TVA and would foreseeably harm their commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to confidential commercial information regarding what they charge for representations of this type. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Mehta, Khurshid K; Koroa, M Carolyn | Wood, Allison D. |
| 61 | 060 | EPI-TATE 001269 | EPI-TATE 001270 | 06/15/20 | Excel Attachment to 059 | Trust Payment Voucher, ALG Projects Escrow - Accounting Purposes | Exemption 4 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of information related to fees charged to TVA by McGuireWoods for its legal services to TVA, specifically, the legal representation of TVA by McGuireWoods to provide advice regarding Clean Air Act regulatory developments and compliance. The document also contains information related to a commercial transaction between and among McGuireWoods and TVA related to the provision of legal services, including bank account numbers and internal financial information. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practices and strategy of McGuireWoods with regard to the details of the legal services the firms offer to TVA and would foreseeably harm their commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to confidential commercial information regarding what they charge for representations of this type. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 62 | 061 | EPI-TATE 001271 | EPI-TATE 001273 | 11/17/20 | MSG | Great News | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email contains the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen and consists of information regarding dues for PGen members, including information about details of processing payment of dues and the identity of prospective PGen members. This information is intended by PGen and McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods, PGen, its members, and its prospective members and was provided to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of the PGen's functions and activities, including information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Email chain contains No. 119.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D; Flynn, Aaron M. |
| 63 | 062 | EPI-TATE 001274 | EPI-TATE 001274 | 10/20/20 | MSG | Information regarding Coalition | Exemption 4<br>Exemption 6 | Exemption 4 - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen, and the email address of a potential member of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was communicated to TVA, the prospective PGen member, and other clients whose companies had retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and the names of companies McGuireWoods anticipates could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | PGen | PGen |
| 64 | 063 | EPI-TATE 001275 | EPI-TATE 001276 | | PDF Attachment to 062 | Power Generators Air Coalition Overview and Talking Points | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This excerpt from a draft document contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information consists of information circulated among McGuireWoods attorneys and entitites that retained McGuireWoods to advise on the formation and incorporation of PGen for discussion about the purpose and mission of PGen, including information regarding its processes and procedures. The information in this document is intended by PGen and McGuireWoods to remain confidential, is not typically released to the public, and the document has a watermark designating it as confidential. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen. Disclosure of this document would also put PGen and McGuireWoods at a competitive disadvantage because it would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 65 | 064 | EPI-TATE 001277 | EPI-TATE 001278 | 10/02/20 | PDF Attachment to 062 | Power Generators Air Coalition Draft Articles of Incorporation | Exemption 4<br>Exemption 5 (Attorney-Client) | PDF Duplicate of the Word version of No. 055 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 66 | 065 | EPI-TATE 001279 | EPI-TATE 001291 | 10/20/20 | PDF Attachment to 062 | Power Generators Air Coalition Draft By-Laws | Exemption 4<br>Exemption 5 (Attorney-Client) | PDF Duplicate of the Word version of No. 056 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 67 | 066 | EPI-TATE 001292 | EPI-TATE 001302 | 10/02/20 | PDF Attachment to 062 | Draft Standards and Procedures for the Power Generators Air Coalition | Exemption 4<br>Exemption 5 (Attorney-Client) | PDF Duplicate of Nos. 057 and 175 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 68 | 067 | EPI-TATE 001303 | EPI-TATE 001303 | 11/23/20 | MSG | Information Session Attendees | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of identities (from employee email addresses) of entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by PGen and McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was communicated to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding the operation of PGen, namely, companies McGuireWoods anticipates could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Flynn, Aaron M. | PGen | Wood, Allison D.; Jaber, Makram B. |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 69 | 068 | EPI-TATE 001304 | EPI-TATE 001304 | | Excel Attachment to 067 | Informational Session Attendees | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 - This Excel document contains confidential commercial information voluntarily submitted by McGuireWoods. This document is a list of individuals and their companies who attended a PGen information session. PGen members are publicly available. The confidential information in this document is the identity of prospective PGen members. This information is intended by PGen and McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was provided to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of the PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 - This document also contains direct personal contact information of individuals, in the form of the names of individual who are representatives of PGen's members, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 70 | 069 | EPI-TATE 001305 | EPI-TATE 001305 | 12/18/20 | MSG | Monday call | Exemption 6 | Exemption 6 – This email contains a mobile phone number which is direct personal contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | Koroa, M. Carolyn | |
| 71 | 070 | EPI-TATE 001306 | EPI-TATE 001307 | 01/26/21 | MSG | Monthly PGen Meetings | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this email consists of information related to the functions and activities of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of the PGen's standards and procedures, TVA is prohibited from releasing information within the scope of the PGen's functions and activities. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Wood Allison D. | PGen | Flynn, Aaron M.; Woo, Alexander C.; Jozlin, Joseph R. |
| 72 | 071 | EPI-TATE 001308 | EPI-TATE 001308 | 12/15/20 | MSG | New member - *************. | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was communicated to TVA, the prospective PGen member, and other clients whose companies had retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and the names of companies McGuireWoods and its clients anticipated could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. This email also contains confidential communications from counsel to a prospective client that is covered by the attorney-client privilege.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 73 | 072 | EPI-TATE 001309 | EPI-TATE 001309 | 10/07/20 | MSG | Next Week's Expletory Committee Call - New Time | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was communicated to TVA, the prospective PGen member, and other clients whose companies had retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and the names of companies McGuireWoods and its clients anticipated could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 74 | 073 | EPI-TATE 001310 | EPI-TATE 001310 | 12/16/20 | MSG | PGAC founding documents | Exemption 6 | Exemption 6 – This email contains a phone number which is direct personal contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | Mehta, Khurshid K | Koroa, M Carolyn; Waddell, J Thomas; Wood, Allison D.; Flynn, Aaron M. |
| 75 | 074 | EPI-TATE 001311 | EPI-TATE 001312 | 12/16/20 | Word Attachment to 073 | Power Generators Air Coalition Draft Articles of Incorporation | Exemption 4<br>Exemption 5 | Exemption 4 – This draft document dated December 16, 2020, contains confidential commercial information voluntarily submitted by McGuireWoods. This document is a draft articles of incorporation document which discusses the structure of PGen and which was circulated among McGuireWoods attorneys and individuals whose companies retained McGuireWoods to advise on the formation and incorporation of PGen. The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was provided to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. The document has a watermark designating it as confidential. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information with the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Version dated another day are at Nos. 055, 064 and 173. The final version of this document is publicly available on the website for the Virginia State Corporation Commission.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |

| | A | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 76 | 075 | EPI-TATE 001313 | EPI-TATE 001323 | 12/16/20 | Word Attachment to 073 | Draft Standards and Procedures for the Project Generators Air Coalition | Exemption 4<br>Exemption 5 | Exemption 4 (Confidential Commercial Information of a Submitter) – This draft document dated December 16, 2020, contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information consists of a draft standards and procedures document which discusses the operations of PGen and which was circulated among McGuireWoods attorneys and individuals whose companies retained McGuireWoods to advise on the formation and incorporation of PGen. The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was provided to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. The document has a watermark designating it as confidential. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information with the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Another version at Nos. 066 and 175.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 77 | 076 | EPI-TATE 001324 | EPI-TATE 001336 | 12/16/20 | Word Attachment to 073 | Project Generators Air Coalition Draft By-Laws | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This draft document dated December 16, 2020, contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information consists of a draft bylaws document for PGen which discusses the operations of PGen and which was circulated among McGuireWoods attorneys and individuals whose companies retained McGuireWoods to advise on the formation and incorporation of PGen. The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was provided to TVA and other clients of McGuireWoods that had retained the firm to advise on the formation and incorporation of PGen with an expectation of privacy. The document has a watermark designating it as confidential. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information with the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 78 | 077 | EPI-TATE 001337 | EPI-TATE 01337 | 10/19/20 | MSG | PGAC Information | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, its prospective members, and McGuireWoods and was communicated to TVA, the prospective PGen member, and other clients whose companies had retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to potential members of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and the names of companies McGuireWoods and its clients anticipated could join PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 79 | 078 | EPI-TATE 001338 | EPI-TATE 001341 | | PDF | Power Generators Air Coalition Overview and Talking Points | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information consists of information circulated for discussion among McGuireWoods attorneys and individuals whose companies retained McGuireWoods to advise on the formation and incorporation of PGen. The document contains confidential information about PGen, including information regarding its processes and procedures. The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was communicated to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. The document has a watermark designating it as confidential. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities, including information relating to the formation and operation of PGen. Disclosure of this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the functions and activities of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. This is a longer version of No. 063.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 80 | 079 | EPI-TATE 001342 | EPI-TATE 001342 | 10/27/20 | MSG | PGAC Information Call | Exemption 6 | Exemption 6 – This email contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 81 | 080 | EPI-TATE 001343 | EPI-TATE 001349 | 01/27/21 | MSG | PGen Website CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of various discussions about the purpose and scope of PGen, the contents of the PGen website, and PGen's operations and goals. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 82 | 081 | EPI-TATE 001350 | EPI-TATE 001350 | | Word Attachment to 080 | PGen Website "About" Section | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – The confidential information in this document is draft language for the "about" section for the PGen website that discusses the purpose and scope of PGen as well as topics for discussion at PGen meetings. This document was circulated among McGuireWoods attorneys and PGen members for discussion. The information in this document is intended by PGen and McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. The document has a watermark designating it as confidential. The final language used for the website is publicly available on PGen's website. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Versions of this document are at Nos. 141, 145 and 147.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 83 | 082 | EPI-TATE 001351 | EPI-TATE 001351 | 01/14/21 | MSG | PGen Website - CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of information about the draft contents of the PGen website and how it will be operated. This information is intended by McGuireWoods to remain confidential, the email is labeled "Confidential" in the subject line, and it is customarily and actually kept private by the submitter and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the functions and activities of PGen. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 84 | 083 | EPI-TATE 001352 | EPI-TATE 001353 | 08/21/20 | MSG | Potential Name-Let's Decide | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and the other clients that retained McGuireWoods to advise on the formation and incorporation of PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. This chain includes No. 084.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 85 | 084 | EPI-TATE 001354 | EPI-TATE 001354 | 08/19/20 | MSG | Potential Name | Exemption 4<br>Exemption 5<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 86 | 085 | EPI-TATE 001355 | EPI-TATE 001356 | 01/08/21 | MSG | Power Generators Air Coalition: eRoom Notifications | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of information concerning the confidential operationalization of PGen and the manner in which PGen attorneys intend to communicate information to PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Wood Allison D. | PGen | Jaber, Makram B.; Flynn, Aaron M.; Jozlin, Joseph R. |
| 87 | 086 | EPI-TATE 001357 | EPI-TATE 001357 | 01/08/21 | MSG Attachment to 086 | Summary for Power Generators Air Coalition | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This email, generated by an electronic service run out of McGuireWoods, contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this email consists of information communicated to PGen and its members, namely, PGen counsel's legal analysis of and commentary on Clean Air Act regulatory actions relevant to the operations of PGen's members. This information is intended by PGen and McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from McGuireWoods to PGen members concerning attorney advice, analysis, and observations on Clean Air Act regulatory developments. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which PGen members share a common interest and on which PGen counsel provides legal advice to PGen and its members. Disclosure would chill the open and candid communications between McGuireWoods and PGen members on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | Practice Support | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 087 | EPI-TATE 001358 | EPI-TATE 001358 | 10/27/20 | MSG | Proposed 3-tier dues structure - PRIVILEGED AND CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of “personnel and medical files and similar files” because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 08[illegible] | EPI-TATE 001359 | EPI-TATE 001359 | | PDF Attachment to 087 | Strawman Dues Allocation | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – The confidential information in this document is the proposed dues structure for PGen members. This information is intended by PGen, McGuireWoods, and the clients hat retained McGuireWoods to advise on the formation and incorporation of PGen to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. The document has a watermark designating it as confidential. Under the confidentiality provision of PGen’s standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 08[illegible] | EPI-TATE 001360 | EPI-TATE 001362 | 05/28/20 | MSG | RE: CAA development work | Exemption 4 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this document consists of information related to a commercial transaction between McGuireWoods and TVA related to the provision of legal services, including contract implementation and internal financial information. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by the submitter and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practices and strategy of McGuireWoods with regard to the details of the services they offer to their clients and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to confidential commercial information regarding how the firms operate their client services and what is charged for such services. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Mehta, Khurshid K | Koroa, M. Carolyn |
| 090 | EPI-TATE 001363 | EPI-TATE 001366 | 04/16/20 | MSG | RE: CAA Regulatory Information and Compliance Matter for TVA | Exemption 4 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of information concerning what McGuireWoods charges for its client services to monitor and advise its clients on Clean Air Act regulatory developments and compliance, and the issues and developments covered by that service, tailored to TVA's specific needs. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the details of the legal services McGuireWoods offers to its clients, TVA in particular, and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods’ confidential commercial information regarding how it provides its client services and what it charges for such services. This email also contains No. 049, discussed above, as well as No. 188, which has been produced. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document and the non-exempt portion of this email chain was produced at No. 188. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |
| 09[illegible] | EPI-TATE 001367 | EPI-TATE 001368 | 05/04/20 | MSG | RE: CLG Update 5-4-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG’s by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of “personnel and medical files and similar files” because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 09[illegible] | EPI-TATE 001369 | EPI-TATE 001395 | | PDF Attachment to 091 | BP P.L.C., et al., v Mayor and City Council of Baltimore, No. 19-1189, Brief of Indiana, Alaska, Arkansas, Georgia, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Ohio, South Carolina, Texas, and Utas as *Amici Curiae* in Support of Petitioners | | | | Produced | | | |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 94 | 093 | EPI-TATE 001396 | EPI-TATE 001399 | 05/13/20 | MSG | RE: CLG Update 5-13-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 95 | 094 | EPI-TATE 001400 | EPI-TATE 001407 | 05/11/20 | PDF Attachment to 093 | Board of County Commissioners of Boulder County, et al,. V Suncor Energy, Inc., et al., No. 19-1330, Plaintiffs-Appellees' Reply in Support of Motion for Summary Affirmance | | | | Produced | | | |
| 96 | 095 | EPI-TATE 001408 | EPI-TATE 001410 | 05/11/20 | PDF Attachment to 093 | Letter re: Section 45Q tax credits | | | | Produced | Brad Crabtree, Carbon Capture Coalition | Hon. Steven T. Mnunchin; Hon. Charles P. Rettig | |
| 97 | 096 | EPI-TATE 001411 | EPI-TATE 001421 | 05/01/20 | PDF Attachment to 093 | What the Pandemic Can Teach Climate Attorneys | | | | Produced | Sara C. Bronin, University of Connecticut | | |
| 98 | 097 | EPI-TATE 001422 | EPI-TATE 001424 | 05/08/20 | PDF Attachment to 093 | Letter re: Federal Reserve financial relief from emergency lending facilities | | | | Produced | Brian Schatz, Sheldon Whitehouse, Sherrod Brown, Dianne Feinstein, Elizabeth Warren, Jeffrey Merkley | Hon. Jerome H. Powell, Federal Reserve System | |
| 99 | 098 | EPI-TATE 001425 | EPI-TATE 001428 | 07/20/20 | MSG | RE: CLG Update 7-7-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 100 | 099 | EPI-TATE 001429 | EPI-TATE 001683 | 07/16/20 | PDF Attachment to 098 | Case No. 18-E-0138, Proceeding on Motion of the Commission Regarding Electric Vehicle Supply Equipment and Infrastructure | | | | Produced | | | |
| 101 | 100 | EPI-TATE 001684 | EPI-TATE 001740 | 07/15/20 | PDF Attachment to 098 | State of California, et al., v David Bernhardt, et al., No. 4:18-cv-05712-YGR, Order: (1) Granting Plaintiffs' Motions for Summary Judgment; and (2) Denying Defendants' Motions for Summary Judgment | | | | Produced | | | |
| 102 | 101 | EPI-TATE 001741 | EPI-TATE 001762 | 07/15/20 | PDF Attachment to 098 | Blueprint for Responsible Policy Engagement on Climate Change | | | | Produced | Ceres | | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | EPI-TATE 001763 | EPI-TATE 001765 | 04/08/20 | MSG | RE: Climate Legal Group: Update | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of CLG members, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | | Withheld in full | Wood Allison D. | CLG | Flynn, Aaron M. |
| 103 | EPI-TATE 001766 | EPI-TATE 001767 | 11/17/20 | MSG | RE: Confidential: Final Slides and Attendee List (To Date) for Informational Session | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Wood Allison D. | PGen | Jaber, Makram B.; Flynn, Aaron M. |
| 104 | EPI-TATE 001768 | EPI-TATE 001784 | 11/19/20 | PowerPoint Attachment to 103 | Power Generation Air Coalition, Informational Meeting | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Duplicate of No. 032 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 105 | EPI-TATE 001785 | EPI-TATE 001786 | 10/07/20 | MSG | RE: Contact List | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information concerns the identity of potential new PGen members and discusses methodology of reaching out to same. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. This email chain also contains No. 033.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |
| 106 | EPI-TATE 001787 | EPI-TATE 001788 | | Excel | Contacts List | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Duplicate of No. 052. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 107 | EPI-TATE 001789 | EPI-TATE 001791 | 04/21/20 | MSG | RE: CT RTR Final Rule-Relevant Court Decision | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email concerns attorney drafted legal analysis related to a recent court decision and its possible impact on an EPA final rule. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by the submitter. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the types of information McGuireWoods communicates to clients regarding recent developments in environmental rules and regulations and would give competitors to McGuireWoods access to this confidential commercial information. Thus, disclosure would foreseeably harm the submitter's commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email contains confidential communications between McGuireWoods attorneys and clients and prospective clients concerning attorney advice, analysis, and observations related to a recent court decision and its possible impact on an EPA final rule. The communications in this email consist of attorney analysis and impressions on legal matters pertinent to a common interest shared by McGuireWoods' prospective clients.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the McGuireWoods attorney in this email. | Withheld in full | Jaber, Makram B. | Wood, Allison D.; Flynn, Aaron M. | PGen |
| 108 | EPI-TATE 001792 | EPI-TATE 001816 | 04/21/20 | PDF Attachment to 107 | Louisiana Environmental Action Network, et al., v EPA, et al., No. 17-1257, US Court of Appeals Decision on Petitions for Review of F Final Action by the USEPA | | | | Produced | | | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 109 | EPI-TATE 001817 | EPI-TATE 001818 | 05/19/20 | MSG | RE: Draft - Contract with McGuire Woods (Makram Jaber) | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email relates to the legal services provided by McGuireWoods to TVA, including a discussion of the contractual terms that establish the attorney client relationship between the parties. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the confidential business practice and strategy of McGuireWoods with regard to the details of the legal services it offers to its clients and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how it provides legal services to clients as well as contracting matters.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA, including information that reveals TVA attorneys' communications and legal interpretations to McGuireWoods regarding certain contractual provisions contained in a draft contract for legal services. That draft contract later became an executed contract for legal services between TVA and McGuireWoods, the final executed copy of which was produced to EPI on June 3, 2021, pursuant to FOIA Request 107. This email therefore contains discussions of the terms in a pre-decisional, preliminary version of what later became a final document. | | Withheld in full | Jaber, Makram B. | Mehta, Khurshid K | Smartt, Jarom Tipton; Koroa, M Carolyn; Adkins, Laura L |
| 110 | EPI-TATE 001819 | EPI-TATE 001822 | | Word Attachment to 109 | Draft contract re: firm services | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This document contains confidential commercial information voluntarily submitted by McGuireWoods. This is a draft contract related to the provision of legal services to TVA by McGuireWoods. The confidential information of McGuireWoods in this document consists of information about the legal services McGuireWoods offers to TVA with regard to CAA developments. The information in this document includes what legal services will be provided and what McGuireWoods charges for the service. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the details of the legal services offered to TVA and would foreseeably harm McGuireWoods' commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how the legal services it provides regarding CAA developments and what it charges for those services.<br><br>Exemption 5 (Attorney Client Privilege) – This is a draft of the contract for legal services with red-line edits which reflects confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA. That draft contract later became an executed contract for legal services between TVA and McGuireWoods, the final executed copy of which was produced to EPI on June 3, 2021, pursuant to FOIA Request 107. This document therefore contains the terms in a pre-decisional, preliminary version of what later became a final document.<br><br>. | Because of the draft and predecisional nature of this document, it contains no non-exempt information. The final executed copy of this document has been provided to EPI. | Withheld in full | Quirk, Sherry | Jaber, Makram B. | |
| 111 | EPI-TATE 001823 | EPI-TATE 001826 | 05/19/20 | Word Attachment to 109 | Letter re: McGuire Woods Engagement Letter | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This document contains confidential commercial information voluntarily submitted by McGuireWoods. This is a draft engagement letter agreement related to the provision of legal services to TVA by McGuireWoods. The confidential information of McGuireWoods in this document consists of information about the legal services McGuireWoods offers to TVA with regard to CAA developments. The information in this document includes what legal services will be provided and what McGuireWoods charges for the service. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the details of the legal services offered to TVA and would foreseeably harm McGuireWoods' commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how the legal services it provides regarding CAA developments and what it charges for those services.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA. | Because of the confidential nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. | Withheld in full | Jaber, Makram B. | Quirk, Sherry | |
| 112 | EPI-TATE 001827 | EPI-TATE 001829 | 05/20/20 | MSG | RE: Draft - Contract with McGuire Woods (Makram Jaber) | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email relates to the legal services provided by McGuireWoods to TVA, including a discussion of the contractual terms that establish the attorney client relationship between the parties. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the confidential business practice and strategy of McGuireWoods with regard to the details of the legal services it offers to its clients and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how it provides legal services to clients as well as contracting matters.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA, including information that reveals TVA attorneys' communications and legal interpretations to McGuireWoods regarding certain contractual provisions contained in a draft contract for legal services. That draft contract later became an executed contract for legal services between TVA and McGuireWoods, the final executed copy of which was produced to EPI on June 3, 2021, pursuant to FOIA Request 107. This email therefore contains discussions of the terms in a pre-decisional, preliminary version of what later became a final document. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Mehta, Khurshid K | Smartt, Jarom Tipton; Koroa, M Carolyn; Adkins, Laura L |
| 113 | EPI-TATE 001830 | EPI-TATE 001832 | 05/21/20 | MSG | RE: Draft - Contract with McGuire Woods (Makram Jaber) | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email relates to the legal services provided by McGuireWoods to TVA, including a discussion of the contractual terms that establish the attorney client relationship between the parties. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the confidential business practice and strategy of McGuireWoods with regard to the details of the legal services it offers to its clients and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how it provides legal services to clients as well as contracting matters.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA, including information that reveals TVA attorneys' communications and legal interpretations to McGuireWoods regarding certain contractual provisions contained in a draft contract for legal services. That draft contract later became an executed contract for legal services between TVA and McGuireWoods, the final executed copy of which was produced to EPI on June 3, 2021, pursuant to FOIA Request 107. This email therefore contains discussions of the terms in a pre-decisional, preliminary version of what later became a final document. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Mehta, Khurshid K | Koroa, M. Carolyn |
| 114 | EPI-TATE 001833 | EPI-TATE 001836 | | Word Attachment to 113 | Draft - Contract with McGuire Woods (Makram Jaber) | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This document contains confidential commercial information voluntarily submitted by McGuireWoods. This is an engagement letter agreement related to the provision of legal services to TVA by McGuireWoods. The confidential information of McGuireWoods in this document consists of information about the legal services McGuireWoods offers to TVA with regard to CAA developments. The information in this document includes what legal services will be provided and what McGuireWoods charges for the service. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the details of the legal services offered to TVA and would foreseeably harm McGuireWoods' commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how the legal services it provides regarding CAA developments and what it charges for those services.<br><br>Exemption 5 (Attorney Client Privilege) – This is a draft of the contract for legal services with red-line edits which reflects confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA. That draft contract later became an executed contract for legal services between TVA and McGuireWoods, the final executed copy of which was produced to EPI on June 3, 2021, pursuant to FOIA Request 107. This document therefore contains the terms in a pre-decisional, preliminary version of what later became a final document. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The final executed copy of this document has been provided to EPI. | Withheld in full | Jaber, Makram B. | Quirk, Sherry | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 115 | EPI-TATE 001837 | EPI-TATE 001840 | 05/22/20 | MSG | RE: Draft - Contract with McGuire Woods (Makram Jaber) | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email relates to the legal services provided by McGuireWoods to TVA, including a discussion of the contractual terms that establish the attorney client relationship between the parties. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the confidential business practice and strategy of McGuireWoods with regard to the details of the legal services it offers to its clients and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how it provides legal services to clients as well as contracting matters.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA, including information that reveals TVA attorneys' communications and legal interpretations to McGuireWoods regarding certain contractual provisions contained in a draft contract for legal services. That draft contract later became an executed contract for legal services between TVA and McGuireWoods, the final executed copy of which was produced to EPI on June 3, 2021, pursuant to FOIA Request 107. This email therefore contains discussions of the terms in a pre-decisional, preliminary version of what later became a final document. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Mehta, Khurshid K | Koroa, M Carolyn ; Smartt, Jarom Tipton |
| 116 | EPI-TATE 001841 | EPI-TATE 001846 | 05/22/20 | MSG | RE: Draft - Contract with McGuire Woods (Makram Jaber) | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email relates to the legal services provided by McGuireWoods to TVA, including a discussion of the contractual terms that establish the attorney client relationship between the parties. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the confidential business practice and strategy of McGuireWoods with regard to the details of the legal services it offers to its clients and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how it provides legal services to clients as well as contracting matters.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA, including information that reveals TVA attorneys' communications and legal interpretations to McGuireWoods regarding certain contractual provisions contained in a draft contract for legal services. That draft contract later became an executed contract for legal services between TVA and McGuireWoods, the final executed copy of which was produced to EPI on June 3, 2021, pursuant to FOIA Request 107. This email therefore contains discussions of the terms in a pre-decisional, preliminary version of what later became a final document. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Mehta, Khurshid K | Koroa, M Carolyn; Smartt, Jarom Tipton |
| 117 | EPI-TATE 001847 | EPI-TATE 001852 | 05/22/20 | MSG | RE: Draft - Contract with McGuire Woods (Makram Jaber) | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email relates to the legal services provided by McGuireWoods to TVA, including a discussion of the contractual terms that establish the attorney client relationship between the parties. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the confidential business practice and strategy of McGuireWoods with regard to the details of the legal services it offers to its clients and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how it provides legal services to clients as well as contracting matters.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA, including information that reveals TVA attorneys' communications and legal interpretations to McGuireWoods regarding certain contractual provisions contained in a draft contract for legal services. That draft contract later became an executed contract for legal services between TVA and McGuireWoods, the final executed copy of which was produced to EPI on June 3, 2021, pursuant to FOIA Request 107. This email therefore contains discussions of the terms in a pre-decisional, preliminary version of what later became a final document. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Mehta, Khurshid K | Koroa, M Carolyn; Smartt, Jarom Tipton |
| 118 | EPI-TATE 001853 | EPI-TATE 001857 | | Word Attachment to 118 | Draft TVA Contract with McGuire Woods | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this document relates to the legal services provided by McGuireWoods to TVA, including a discussion of the contractual terms that establish the attorney client relationship between the parties. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the confidential business practice and strategy of McGuireWoods with regard to the details of the legal services it offers to its clients and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding how it provides legal services to clients as well as contracting matters.<br><br>Exemption 5 (Attorney Client Privilege) – This is a draft of the contract for legal services with red-line edits which reflects confidential communications between McGuireWoods and TVA, a prospective client of McGuireWoods, on matters related to the legal services provided by McGuireWoods to TVA. That draft contract later became an executed contract for legal services between TVA and McGuireWoods, the final executed copy of which was produced to EPI on June 3, 2021, pursuant to FOIA Request 107. This document therefore contains the terms in a pre-decisional, preliminary version of what later became a final document. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The final executed copy of this document has been provided to EPI. | Withheld in full | Quirk, Sherry | Jaber, Makram B. | |
| 119 | EPI-TATE 001858 | EPI-TATE 001859 | 11/09/20 | MSG | RE: Draft Strawman Slides for November 19 Informational Meeting | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains email addresses of individuals, as well as a mobile phone number, which is direct personal contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Wood Allison D. | PGen | |
| 120 | EPI-TATE 001860 | EPI-TATE 001875 | 11/19/20 | PowerPoint Attachment to 120 | Power Generation Air Coalition, Informational Meeting | Exemption 4<br>Exemption 5 (Attorney-Client) | Duplicate of No. 32 but lacking the contact information on the last slide, therefore there is no information being withheld pursuant to Exemption 6. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 121 | EPI-TATE 001876 | EPI-TATE 001879 | 10/16/20 | MSG | RE: Draft Talking Points | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This confidential information includes draft content about PGen, including language with red-line changes. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Related emails/emails in chain include Nos. 122, 123, 124 and 125, below.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 122 | EPI-TATE 001880 | EPI-TATE 001880 | | Word | Power Generators Air Coalition (Tentative), Talking Points for Coalition Membership | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This draft word document contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this document consists of information regarding the formation, governance, and purpose of PGen, as well as the substance of the information that will be discussed at PGen meetings, PGen organization, and plans for future meetings and actions. This document has a privileged and confidential watermark. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. The final version of this document is at Nos. 41 and 58 and other draft versions of this document are at Nos. 126 and 127.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 123 | EPI-TATE 001881 | EPI-TATE 001883 | 10/16/20 | MSG | RE: Draft Talking Points and Topics of Interest | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This confidential information includes draft content about PGen, including language with red-line changes. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 124 | EPI-TATE 001884 | EPI-TATE 001887 | 10/16/20 | MSG | RE: Draft Talking Points and Topics of Interest | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This confidential information includes draft content about PGen, including language with red-line changes. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 125 | EPI-TATE 001888 | EPI-TATE 001889 | 10/16/20 | MSG | RE: Draft Talking Points and Topics of Interest | Exemption 4<br>Exemption 5<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This confidential information includes draft content about PGen, including language with red-line changes. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 126 | EPI-TATE 001890 | EPI-TATE 001891 | | Word Attachment to 126 | Power Generators Air Coalition (Tentative), Talking Points for Coalition Membership | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this document consists of information regarding the formation, governance and purpose of PGen as well as the substance of information intended to be discussed at PGen meetings, PGen organization, and plans for future meetings and actions. This document has a privileged and confidential watermark. The information contained in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. The final version of this document is at Nos. 41 and 58 and other draft versions of this document are at Nos. 122 and 127.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 127 | EPI-TATE 001892 | EPI-TATE 001893 | | Word Attachment to 126 | Power Generators Air Coalition (Tentative), Talking Points for Coalition Membership - Redline | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This draft, red-lined, word document contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this document consists of information regarding the formation, governance, and purpose of PGen as well as the substance of the information that will be discussed at PGen meetings, PGen organization, and plans for future meetings and actions. This document has a privileged and confidential watermark. The information contained in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. The final version of this document is at Nos. 41 and 58 and other draft versions of this document are at Nos. 122 and 126.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 128 | EPI-TATE 001894 | EPI-TATE 001896 | 12/23/20 | MSG | RE: End of year accounting for Current TVA matter (Contract No. 15140) | Exemption 4<br>Exemption 6 | Exemption 4 - This document contains confidential commercial information voluntarily submitted by McGuireWoods. It contains a duplicate of No. 043. The confidential information in this email consists of information related to the fees charged by McGuireWoods for its legal services to TVA, specifically, the legal services McGuireWoods offers to TVA with regard to Clean Air Act (CAA) developments. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the legal services offered to TVA and would foreseeably harm the submitter's commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding what it charges for these legal services.<br><br>Exemption 6 – This email also contains direct personal contact information of an individual, in the form of a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | Koroa, M Carolyn; Mehta, Khurshid K | Smartt, Jarom Tipton; Winchester, Nathaniel A; Adkins, Laura L; Waddell, J Thomas |
| 129 | EPI-TATE 001897 | EPI-TATE 001901 | 11/17/20 | MSG | RE: Great News | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email chain also includes discussions concerning the formation and operation of PGen, dues, the content of membership agreements, and the identity of potential PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen and information related to the potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Related email is Nos. 130 and 61.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Flynn, Aaron M. |
| 130 | EPI-TATE 001902 | EPI-TATE 001905 | 11/17/20 | MSG | RE: Great News | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email chains also contains discussions concerning the formation and operation of PGen, dues, the content of membership agreements, and the identity of potential PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Related email is Nos. 129 and 61.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 131 | EPI-TATE 001906 | EPI-TATE 001907 | 12/08/20 | MSG | RE: Information Session Attendees | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This email chain contains discussions concerning the formation and operation of PGen, dues, the content of membership agreements, and the identity of potential PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D. |
| 132 | EPI-TATE 001908 | EPI-TATE 001909 | 12/15/20 | MSG | RE: New member - ************ | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email chain also contains a discussion about members' payment of dues for PGen, as well as the identity of potential members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 133 | EPI-TATE 001910 | EPI-TATE 001912 | 10/19/20 | MSG | RE: PGAC Information -- CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email chain also contains information about the formation and operation of PGen including discussions of the formation documents, as well as the identity of potential members. This information is intended by McGuireWoods to remain confidential, the email is labeled as "Confidential" in the subject line, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 134 | EPI-TATE 001913 | EPI-TATE 001916 | 10/19/20 | MSG | RE: PGAC Information -- CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email chain also contains information about the formation and operation of PGen, as well as the identity of potential members. This information is intended by McGuireWoods to remain confidential, the email is designated confidential in the subject line, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |
| 135 | EPI-TATE 001917 | EPI-TATE 001918 | 10/27/20 | MSG | RE: PGAC Information Call | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redacted | Jaber, Makram B. | PGen | Flynn, Aaron M. |
| 136 | EPI-TATE 001919 | EPI-TATE 001920 | 01/19/21 | MSG | RE: PGAC Membership Agreement | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of information about the functions and operation of PGen, as well as a discussion of formation documents. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Mehta, Khurshid K | Koroa, M Carolyn; Johnson, Steven R |
| 137 | EPI-TATE 001921 | EPI-TATE 001922 | 01/19/21 | MSG | RE: PGen meeting tomorrow | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information regarding the operation and activities of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | Koroa, M Carolyn; Wood, Allison D. | PGen |
| 138 | EPI-TATE 001923 | EPI-TATE 001924 | 01/19/21 | MSG | RE: PGen meeting tomorrow | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information concerning the operation and activities of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | Koroa, M Carolyn; Wood, Allison D. | PGen |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 140 | 139 | EPI-TATE 001925 | EPI-TATE 001925 | | Word Attachment to 138 | PGAC - Jan. 20, 2021 Agenda | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this document consists of information about the substance of a PGen meeting, including voting, formation documents, budget, and topics for discussion in the group. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 141 | 140 | EPI-TATE 001926 | EPI-TATE 001931 | 01/26/21 | MSG | RE: PGen website - CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of various discussions about the purpose and scope of PGen, the contents of the PGen website, and PGen's operations and goals. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 142 | 141 | EPI-TATE 001932 | EPI-TATE 001932 | | Word Attachment to 139 | PGen Website "About" Section - redline | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – The confidential information in this document is draft language for the "about" section for the PGen website that discusses the purpose and scope of PGen as well as topics for discussion at PGen meetings. This document was circulated among McGuireWoods attorneys and PGen members for discussion. The information in this document is intended by PGen and McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. The document has a watermark designating it as confidential. The final language used for the website is publicly available on PGen's website. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Versions of this document are at Nos. 81, 145, and 147.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 143 | 142 | EPI-TATE 001933 | EPI-TATE 001937 | 01/26/21 | MSG | RE: PGen website - CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of various discussions about the purpose and scope of PGen, the contents of the PGen website, and PGen's operations and goals. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 144 | 143 | EPI-TATE 001938 | EPI-TATE 001941 | 01/26/21 | MSG | RE: PGen website - CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of various discussions about the purpose and scope of PGen, the contents of the PGen website, and PGen's operations and goals. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 145 | 144 | EPI-TATE 001942 | EPI-TATE 001943 | 01/22/21 | MSG | RE: PGen website - CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of various discussions about the purpose and scope of PGen, the contents of the PGen website, and PGen's operations and goals. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |

| A | B: Begin Bates | C: End Bates | D: DocDate | E: DocType | F: Subject/Original File Name | G: Applicable Exemption(s) | H: Description of Withheld Information | I: Non-Exempt Material | J: Withheld in Full or Redacted | K: From/Author | L: To | M: CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 145 | EPI-TATE 001944 | EPI-TATE 001944 | 01/22/19 | Word | PGen Website "About" Section | Exemption 4<br>Exemption 5 | Exemption 4 (Confidential Commercial Information of a Submitter) – The confidential information in this document is draft language for the "about" section for the PGen website that discusses the purpose and scope of PGen as well as topics for discussion at PGen meetings. This document was circulated among McGuireWoods attorneys and PGen members for discussion. The information in this document is intended by PGen and McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. The document has a watermark designating it as confidential. The final language used for the website is publicly available on PGen's website. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Versions of this document are at Nos. 81, 141, and 147.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 146 | EPI-TATE 001945 | EPI-TATE 001946 | 01/22/21 | MSG | RE: PGen website - CONFIDENTIAL | Exemption 4<br>Exemption 5<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of various discussions about the purpose and scope of PGen, the contents of the PGen website, and PGen's operations and goals. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors of PGen and McGuireWoods access to confidential commercial information regarding PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 147 | EPI-TATE 001947 | EPI-TATE 001947 | | Word Attachment to 145 | PGen Website "About" Section - Redline | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – The confidential information in this document is draft language for the "about" section for the PGen website that discusses the purpose and scope of PGen as well as topics for discussion at PGen meetings. This document was circulated among McGuireWoods attorneys and PGen members for discussion. The information in this document is intended by PGen and McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen, its members, and McGuireWoods and was provided to TVA and other members of PGen with an expectation of privacy. The document has a watermark designating it as confidential. The final language used for the website is publicly available on PGen's website. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information within the scope of PGen's functions and activities. Disclosure of the confidential information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to PGen's operations and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Versions of this document are at Nos. 81, 141, and 145.<br><br>Exemption 5 (Attorney Client Privilege) – This draft document also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 148 | EPI-TATE 001948 | EPI-TATE 001950 | 09/21/20 | MSG | RE: Potential Name - Let's decide | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The confidential information also contains a discussion of formation issues related to PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 149 | EPI-TATE 001951 | EPI-TATE 001953 | 08/27/20 | MSG | RE: Potential Name - Let's decide | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The confidential information also contains a discussion of formation issues related to PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 150 | EPI-TATE 001954 | EPI-TATE 001957 | 08/19/20 | MSG | RE: Potential Name | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The confidential information also contains a discussion of formation issues related to PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 151 | EPI-TATE 001958 | EPI-TATE 001959 | 08/19/20 | MSG | RE: Potential Name | Exemption 4<br>Exemption 5<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email chain contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The confidential information also contains a discussion of formation issues related to PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 152 | EPI-TATE 001960 | EPI-TATE 001961 | 08/19/20 | MSG | RE: Potential Name | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The confidential information also contains a discussion of formation issues related to PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 153 | EPI-TATE 001962 | EPI-TATE 001964 | 11/20/20 | MSG | Re: Power Generators Air Coalition Informational Meeting | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email chain contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this email concerns potential new PGen members and information and discussion about outreach to same. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA with an expectation of privacy. Under the confidentiality provision of the PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. This document is part of an email chain also including Nos. 053, 153, and 154.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |
| 154 | EPI-TATE 001965 | EPI-TATE 001967 | 11/17/20 | MSG | Re: Power Generators Air Coalition Informational Meeting | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email chain contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this email concerns potential new PGen members and information and discussion about outreach to same. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA with an expectation of privacy. Under the confidentiality provision of the PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. This document is part of an email chain also including Nos. 053, 153, and 154.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |
| 155 | EPI-TATE 001968 | EPI-TATE 001970 | 01/06/21 | MSG | RE: Power Generators Air Coalition: Important Information | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 - The confidential information in this email chain consists of a discussion concerning the operation and activities of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of mobile phone numbers, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M Carolyn; Wood, Allison D.; Waddell, J Thomas; Mehta, Khurshid K; Johnson, Steven R | Flynn, Aaron M. |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | **Begin Bates** | **End Bates** | **DocDate** | **DocType** | **Subject/Original File Name** | **Applicable Exemption(s)** | **Description of Withheld Information** | **Non-Exempt Material** | **Withheld in Full or Redacted** | **From/Author** | **To** | **CC** |
| 157 | 156 | EPI-TATE 001971 | EPI-TATE 001973 | 12/29/20 | MSG | RE: Power Generators Air Coalition: Important Information | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 - The confidential information in this email chain consists of a discussion concerning the operation and activities of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of mobile phone numbers, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M Carolyn; Waddell, J Thomas; Mehta, Khurshid K; Johnson, Steven R; Wood, Allison D. | Flynn, Aaron M. |
| 158 | 157 | EPI-TATE 001974 | EPI-TATE 01977 | 10/28/20 | MSG | RE: Proposed 3-tier dues structure | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email chain also contains a discussion about PGen's dues structure, as well as the identity of potential PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Flynn, Aaron M. <aaronflynn@mcguirew |
| 159 | 158 | EPI-TATE 001978 | EPI-TATE 001979 | 10/28/20 | MSG | RE: Proposed 3-tier dues structure | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email chain also contains a discussion about PGen's dues structure, as well as the identity of potential PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 160 | 159 | EPI-TATE 001980 | EPI-TATE 001980 | | PDF | Strawman Dues Allocation | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This document contains confidential commercial information voluntarily submitted by McGuireWoods. It is a chart which proposes a dues structure for PGen and potential members. The document has a watermark designating it as confidential The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen and information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Other versions are at Nos. 161 and 182.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 161 | 160 | EPI-TATE 001981 | EPI-TATE 001983 | 10/28/20 | MSG | RE: Proposed 3-tier dues structure | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This email chain also contains a discussion about PGen's dues structure, as well as the identity of potential PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Flynn, Aaron M. |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | EPI-TATE 001984 | EPI-TATE 001984 | | PDF | Strawman Dues Allocation | Exemption 4<br>Exemption 5 | Exemption 4 (Confidential Commercial Information of a Submitter) – This document contains confidential commercial information voluntarily submitted by McGuireWoods. It is a chart which proposes a dues structure for PGen and potential members. The document has a watermark designating it as confidential. The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Other versions are at Nos. 159 and 182.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 162 | EPI-TATE 001985 | EPI-TATE 001986 | 10/28/20 | MSG | RE: Proposed 3-tier dues structure - PRIVILEGED AND CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email chain also contains a discussion about PGen's dues structure, as well as the identity of potential PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email chain also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Flynn, Aaron M. |
| 163 | EPI-TATE 001987 | EPI-TATE 01988 | 09/28/20 | MSG | RE: redlined strawman documents attached | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email chain also contains a discussion of PGen's formation, structure and governance, circulated for comment among PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen and McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M Carolyn; Wood, Allison D. | PGen |
| *164 | EPI-TATE 001989 | EPI-TATE 01991 | 01/27/21 | MSG | RE: Revised draft structure & procedures document - CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of a discussion of PGen's structure and procedures document, circulated for comment among PGen members. This information is intended by McGuireWoods to remain confidential, it is marked "Confidential" in the subject line, and it is customarily and actually kept private by PGen and McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | PGen |
| 165 | EPI-TATE 001992 | EPI-TATE 01993 | 10/14/20 | MSG | RE: Revised Strawman Documents | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The confidential information also contains a discussion of formation issues related to PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. This email chain includes Nos. 054 and 172<br><br>Exemption 5 (Attorney Client Privilege) – This email chain also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |
| 166 | EPI-TATE 001994 | EPI-TATE 001994 | 06/11/20 | MSG | RE: Slides | | | | Produced | Wood Allison D. | Utt, Karen R. | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 167 | EPI-TATE 001995 | EPI-TATE 002101 | 06/11/20 | PDF Attachment to 166 | Slide Presentation for CLG June 11 Meeting | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This slide presentation contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A watermark on each slide states that it is "CONFIDENTIAL." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This slide presentation is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this slide presentation would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This slide presentation also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the slide presentation, among others. The communications in this slide presentation consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information in the form of mobile phone numbers, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. | Withheld in full | McGuire Woods | | |
| 168 | EPI-TATE 002102 | EPI-TATE 002104 | 10/23/20 | MSG | RE: Some feedback from calls | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of a discussion between a McGuireWoods attorney and TVA concerning the operations, scope, and purpose of PGen, as well as potential members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information in the form of mobile phone numbers, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |
| 169 | EPI-TATE 002105 | EPI-TATE 002106 | 10/23/20 | MSG | RE: Some feedback from calls | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of a discussion between a McGuireWoods attorney and TVA concerning feedback on PGen operations and information on potential members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information in the form of mobile phone numbers, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn | |
| 170 | EPI-TATE 002107 | EPI-TATE 002107 | 01/26/21 | MSG | Revised draft Structure & Procedures document - CONFIDENTIAL | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of a discussion of PGen's draft structure and procedures document, circulated for comment among PGen members. This information is intended by McGuireWoods to remain confidential, it is marked "Confidential" in the subject line, and it is customarily and actually kept private by PGen and McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | PGen |
| 171 | EPI-TATE 002108 | EPI-TATE 002118 | 01/19/21 | Word Attachment to 170 | Draft Structure and Procedures for the Power Generators Air Coalition | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This draft document dated January 19, 2021, contains confidential information voluntarily submitted by McGuireWoods. The confidential information consists of a draft standards and procedures document which discusses the operations of PGen and which was circulated for comment among PGen members. The document is marked as confidential. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by PGen and McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Other versions at Nos. 066, 075, and 175.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to PGen members that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and PGen on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 172 | EPI-TATE 002119 | EPI-TATE 002119 | 10/02/20 | MSG | Revised Strawman Documents | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The email also contains a discussion about draft, red-line formation documents for PGen being circulated for comment among the clients that retained McGuireWoods to advise on PGen's formation and incorporation. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D. ; Flynn, Aaron M. |
| 173 | EPI-TATE 002120 | EPI-TATE 002121 | 10/02/20 | Word Attachment to 172 | Draft Power Generation Air Coalition Articles of Incorporation | Exemption 4<br>Exemption 5 (Attorney-Client) | Duplicate of No. 055 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 174 | EPI-TATE 002122 | EPI-TATE 002134 | 10/02/20 | Word Attachment to 172 | Draft Power Generators Coalition By-Laws | Exemption 4<br>Exemption 5 (Attorney-Client) | Duplicate of No. 056 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 175 | EPI-TATE 002135 | EPI-TATE 002145 | 10/02/20 | Word Attachment to 172 | Draft Standards and Procedures for the Power Generation Air Coalition | Exemption 4<br>Exemption 5 (Attorney-Client) | Duplicate of Nos. 057 and 175 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 176 | EPI-TATE 002146 | EPI-TATE 002157 | 10/02/20 | Word Attachment to 172 | Draft Standards and Procedures for the Power Generation Air Coalition - Redline | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This red-line draft document dated October 2, 2020, contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information consists of a draft standards and procedures document which discusses the operations of PGen and which was circulated for discussion among McGuireWoods attorneys and entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The document includes comments by a McGuireWoods attorney as well as red-line edits. The document has a watermark designating it as confidential. The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Other versions at Nos. 057, 066 and 175.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 177 | EPI-TATE 002158 | EPI-TATE 002170 | 10/02/20 | Word Attachment to 172 | Draft Power Generation Air Coalition By-Laws | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This red-line draft document dated October 2, 2020, contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information consists of a draft bylaws document for PGen which was circulated for discussion among McGuireWoods attorneys and entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The document includes comments by an attorney for McGuireWoods as well as red-line edits. The document has a watermark designating it as confidential. The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Versions at Nos. 056, 076 and 174.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 178 | EPI-TATE 002171 | EPI-TATE 002173 | 10/02/20 | Word Attachment to 172 | Draft Power Generation Air Coalition Articles of Incorporation - Redline | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This red-line draft document dated October 2, 2020, contains confidential commercial information voluntarily submitted by McGuireWoods. This document is a draft articles of incorporation document which discusses the structure of PGen and which was circulated for discussion among McGuireWoods attorneys and entities that retained McGuireWoods to advise on the formation and incorporation of PGen. There are red-line edits and embedded comments by an attorney for McGuireWoods, and the document has a watermark designating it as confidential. The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Versions at 055, 064, 074 and 173. The final version of this document is publicly available on the website for the Virginia State Corporation Commission.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |

| A | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 179 | EPI-TATE 002174 | EPI-TATE 002174 | 11/19/20 | MSG | Slide Presentation from Today's Meeting | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, it is marked "Confidential" in the subject line, and it is customarily and actually kept private by PGen and McGuireWoods and was provided to TVA and PGen members with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing information within the scope of PGen's functions and activities, including information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding the operations of PGen and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Wood Allison D. | PGen | Koroa, M. Carolyn |
| 180 | EPI-TATE 002175 | EPI-TATE 002191 | 11/19/20 | PowerPoint Attachment to 179 | Power Generation Air Coalition, Informational Meeting | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Duplicate of No. 032 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 181 | EPI-TATE 002192 | EPI-TATE 002193 | 10/03/20 | MSG | Strawman Budget and Dues - PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email chain consists of the identities (from employee email addresses) of and information communicated by McGuireWoods to the entities that retained McGuireWoods to advise on the formation and incorporation of PGen. The confidential information also contains a discussion of formation issues related to PGen, such as a tentative budget for the requested scope of work for PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | PGen | Wood, Allison D.; Flynn, Aaron M. |
| 182 | EPI-TATE 002194 | EPI-TATE 002194 | | PDF Attachment to 181 | Strawman Dues Allocation | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) – This document contains confidential commercial information voluntarily submitted by McGuireWoods. It is a chart which proposes a dues structure for PGen. The document has a watermark designating it as confidential. The information in this document is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests. Another version is at No. 159.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to clients regarding matters relevant to the formation of PGen that is covered by the attorney-client privilege. Disclosure would chill the open and candid communications between McGuireWoods and its clients on such matters and would adversely impair the attorney-client relationship by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 183 | EPI-TATE 002195 | EPI-TATE 002196 | 11/17/20 | MSG | Summary for CAA Regulatory Advice | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter)- The confidential information in this email consists of information communicated by McGuireWoods to TVA concerning a Clean Air Act enforcement case in the U.S. Court of Appeals for the Eighth Circuit. The confidential information consists of TVA counsel's commentary and analysis on CAA-related regulatory and compliance developments. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to TVA concerning attorney advice, analysis, and observations on the CAA-related regulatory and compliance developments described in this email. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which McGuire Woods provides legal advice to TVA. Disclosure would chill the open and candid communications between TVA and its counsel on such matters and would adversely impair the attorney-client relationship between McGuireWoods and TVA by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | McGuireWoods Practicesupport | TVA client group (recipients not listed) | |
| 184 | EPI-TATE 002197 | EPI-TATE 002197 | 11/19/20 | MSG | Use this one: Final Slides for Today | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of information concerning a discussion of the formation, governance, and organization of PGen, as well as the identity of potential PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Wood Allison D. | PGen | Jaber, Makram B.; Flynn, Aaron M. |
| 185 | EPI-TATE 002198 | EPI-TATE 002214 | 11/19/20 | PowerPoint Attachment to 184 | Power Generation Air Coalition, Informational Meeting | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Duplicate of No. 032 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 186 | EPI-TATE 002215 | EPI-TATE 002215 | 08/25/20 | MSG | Website Update - CAA Regulatory Developments and Compliance | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information about the confidential method of communication, sharing information and sharing documents that McGuireWoods uses to provide TVA with legal services regarding CAA regulatory developments and compliance. These legal services consist of periodic updates by McGuireWoods to TVA which include attorney commentary, guidance, advice, and analysis on Clean Air Act-related regulatory and litigation developments relevanmt to TVA's operations. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of TVA attorneys and staff, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Flynn, Aaron M. | Crooks, Andrea Schmale <ascrooks@tva.gov>; Holly, Anna Jackson <ajholly@tva.gov>; Fowler, Brian Scott <bsfowler@tva.gov>; Koroa, M Carolyn <mckoroa@tva.gov>; Colverson, Colin <ccolverson@tva.gov>; Snodgrass, Donald W <dwsnodgrass@tva.gov>; Byars, Jack Griffith II <jgbyars@tva.gov>; Diederich, James A <jadiederich@tva.gov>; Harris, Jeffrey Max <jharris4@tva.gov>; Brogdon, Jennifer N <jbrogdon@tva.gov>; Brundige, Jennifer Lynn <jbrundige@tva.gov>; Reed, Julie M <jmreed2@tva.gov>; Utt, Karen R <krutt@tva.gov>; Mehta, Khurshid K <kkmehta@tva.gov>; Smallwood, Lisa Carol | Wood, Allison D.; Jaber, Makram B.; Jozlin, Joseph R. |

| A | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 187 | EPI-TATE 002216 | EPI-TATE 002217 | 09/29/20 | MSG | CAA Regulatory Developments and Compliance Update - September 29 | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information communicated by McGuireWoods to TVA concerning CAA regulatory and compliance developments relevant to TVA's operations. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to TVA concerning attorney advice, analysis, and observations on the CAA-related regulatory and compliance developments described in this email. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which McGuire Woods provides legal advice to TVA. Disclosure would chill the open and candid communications between TVA and its counsel on such matters and would adversely impair the attorney-client relationship between McGuireWoods and TVA by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of TVA attorneys and staff, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the McGuireWoods attorney in this email. | Withheld in full | Jozlin, Joseph R. | Crooks, Andrea Schmale <ascrooks@tva.gov>; Holly, Anna Jackson <ajholly@tva.gov>; Fowler, Brian Scott <bsfowler@tva,gov>; Koroa, M Carolyn <mckoroa@tva.gov>; Colverson, Colin <ccolverson@tva.gov>; Snodgrass, Donald W <dwsnodgrass@tva.gov>; Byars, Jack Griffith II <jgbyars@tva.gov>; Diederich, James A <jadiederich@tva.gov>; Harris, Jeffrey Max <jharris4@tva.gov>; Brogdon, Jennifer N <jbrogdon@tva.gov>; Brundige, Jennifer Lynn <jbrundige@tva.gov>; Reed, Julie M <jmreed2@tva.gov>; Utt, Karen R <krutt@tva.gov>; Mehta, Khurshid K <kkmehta@tva.gov>; Smallwood, Lisa Carol <lcsmallwood@tva.gov>; Tritapoe, Michael G <mtritapoe@tva.gov>; Hirsch, Randall Lee <rlhirsch@tva.gov>; Tolene, Rebecca Chunn <rctolene@tva.gov>; Markham, Wilbourne C Jr | Wood, Allison D.; Jaber, Makram B.; Flynn, Aaron M. |
| 188 | EPI-TATE 002218 | EPI-TATE 002218 | 04/10/20 | MSG | CAA Regulatory Information and Compliance Matter for TVA | | | | Produced | Jaber, Makram B. | Koroa, M. Carolyn | |
| 189 | EPI-TATE 002219 | EPI-TATE 002220 | 04/10/20 | PDF Attachment to 188 | Letter to TVA re Change of Firm - CAA Info and Compliance | Exemption 4<br>Exemption 6 | Duplicate of No. 050 | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | Koroa, M. Carolyn;<br>Mehta, Khurshid K | |
| 190 | EPI-TATE 002221 | EPI-TATE 002222 | 04/20/20 | MSG | CAA Regulatory Information and Compliance | Exemption 4<br>Exemption 5 (Attorney-Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information about McGuireWoods' legal services to TVA regarding CAA regulatory developments and compliance relevant to TVA's operations. The email forwards a legal analysis memo on a proposed EPA rule. This information is intended by McGuireWoods to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from McGuireWoods to a prospective client, concerning attorney advice, analysis, and observations on the CAA-related regulatory and compliance developments described in this email. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which McGuire Woods provides legal advice to TVA. Disclosure would chill the open and candid communications between TVA and its counsel on such matters and would adversely impair the attorney-client relationship between McGuireWoods and TVA by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Jaber, Makram B. | Koroa, M. Carolyn; Mehta Khurshid K; Waddell, J Thomas | Wood, Allison D.; Flynn, Aaron M. |
| 191 | EPI-TATE 002223 | EPI-TATE 002226 | 04/20/20 | PDF Attachment to 190 | PM NAAQS Summary Memorandum | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This document is a legal memo which contains confidential commercial information voluntarily submitted by McGuireWoods to TVA concerning CAA regulatory and compliance developments relevant to EPA's operations. A heading in the body of the email designates it as privileged and confidential. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This document also contains confidential communications from McGuireWoods to a prospective client concerning attorney advice, analysis, and observations on the CAA-related regulatory and compliance developments described in this document. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters. Disclosure would chill the open and candid communications between TVA and its counsel on such matters and would adversely impair the attorney-client relationship between McGuireWoods and TVA by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This document also contains a mobile phone number of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | Flynn, Aaron M.; Wood, Allison D. | | |
| 192 | EPI-TATE 002227 | EPI-TATE 002228 | | MSG | FW: EPA Issues Final Rule Reconsidering the Supplemental Finding on MATS and Addressing Risk and Technology Review for the EGU Category | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information to be communicated by McGuireWoods to TVA concerning CAA regulatory and compliance developments relevant to TVA's operations. A heading in the body of the email designates it as privileged and confidential. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from McGuireWoods to a prospective client concerning attorney advice, analysis, and observations on the CAA-related regulatory and compliance developments described in this email. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters. Disclosure would chill the open and candid communications between TVA and its counsel on such matters and would adversely impair the attorney-client relationship between McGuireWoods and TVA by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CAA attorney in this email. | Withheld in full | Wood, Allison D. | Wood, Allison D. | |
| 193 | EPI-TATE 002229 | EPI-TATE 002232 | | PDF Attachment to 192 | frn_mats_finding_and_rtr_2060-at99_final_rule | | | | Produced | | | |
| 194 | EPI-TATE 002233 | EPI-TATE 002361 | | PDF Attachment to 192 | fact_sheet_mats_an-rtr_final_rule | | | | Produced | | | |
| 195 | EPI-TATE 002362 | EPI-TATE 002367 | 12/14/18 | PDF Attachment to 192 | MATS Benefit-Cost Memo | | | | Produced | | | |
| 196 | EPI-TATE 002368 | EPI-TATE 002371 | 07/22/20 | MSG | CAA Regulatory Developments and Compliance Update - July 22 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information communicated by McGuireWoods to TVA concerning CAA regulatory and compliance developments relevant to TVA's operations. A heading in the body of the email designates it as privileged and confidential. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to TVA concerning attorney advice, analysis, and observations on the CAA-related regulatory and compliance developments described in this email. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which McGuire Woods provides legal advice to TVA. Disclosure would chill the open and candid communications between TVA and its counsel on such matters and would adversely impair the attorney-client relationship between McGuireWoods and TVA by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of TVA attorneys and staff, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the McGuireWoods attorney in this email. | Withheld in full | Jozlin, Joseph R. | Crooks, Andrea Schmale <ascrooks@tva.gov>; Holly, Anna Jackson <ajholly@tva.gov>; Fowler, Brian Scott <bsfowler@tva,gov>; Koroa, M Carolyn <mckoroa@tva.gov>; Colverson, Colin <ccolverson@tva.gov>; Snodgrass, Donald W <dwsnodgrass@tva.gov>; Byars, Jack Griffith II <jgbyars@tva.gov>; Diederich, James A <jadiederich@tva.gov>; Harris, Jeffrey Max <jharris4@tva.gov>; Brogdon, Jennifer N <jbrogdon@tva.gov>; Brundige, Jennifer Lynn <jbrundige@tva.gov>; Reed, Julie M <jmreed2@tva.gov>; Utt, Karen R <krutt@tva.gov>; Mehta, Khurshid K <kkmehta@tva.gov>; Smallwood, Lisa Carol <lcsmallwood@tva.gov>; Tritapoe, Michael G <mtritapoe@tva.gov>; Hirsch, Randall Lee <rlhirsch@tva.gov>; Tolene, Rebecca Chunn <rctolene@tva.gov>; Markham, Wilbourne C Jr | Wood, Allison D.; Jaber, Makram B.; Flynn, Aaron M. |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 197 | EPI-TATE 002372 | EPI-TATE 002374 | | | Ameren Appeal -- Ameren response to US and SC 28j letters re Liu v. SEC | | | | Produced | | | |
| 198 | EPI-TATE 002375 | EPI-TATE 002406 | | | MATS Supplemental Finding Rule -- ADES Motion to Intervene | | | | Produced | | | |
| 199 | EPI-TATE 002407 | EPI-TATE 002454 | | | States Petition for Review of MATS Supp Finding Reconsideration and RTR | | | | Produced | | | |
| 200 | EPI-TATE 002455 | EPI-TATE 002501 | | | ACE Litigation Public Health and Environmental Intervenor-Respondent Brief | | | | Produced | | | |
| 201 | EPI-TATE 002502 | EPI-TATE 002549 | | | ACE Litigation New York State, et al. Intervenor-Respondent Brief | | | | Produced | | | |
| 202 | EPI-TATE 002550 | EPI-TATE 002579 | | | ACE Litigation North Dakota Intervenor-Respondent Brief | | | | Produced | | | |
| 203 | EPI-TATE 002580 | EPI-TATE 002643 | | | ACE Litigation State and Industry Intervenors Brief Regarding Affordable Clean Energy Rule | | | | Produced | | | |
| 204 | EPI-TATE 002644 | EPI-TATE 002717 | | | ACE Litigation State and Industry Intervenors Brief Regarding Clean Power Plan Repeal | | | | Produced | | | |
| 205 | EPI-TATE 002718 | EPI-TATE 002719 | 07/23/20 | MSG | CAA Regulatory Developments and Compliance Update - July 23 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information communicated by McGuireWoods to TVA concerning CAA regulatory and compliance developments relevant to TVA's operations. A heading in the body of the email designates it as privileged and confidential. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to TVA concerning attorney advice, analysis, and observations on the CAA-related regulatory and compliance developments described in this email. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which McGuire Woods provides legal advice to TVA. Disclosure would chill the open and candid communications between TVA and its counsel on such matters and would adversely impair the attorney-client relationship between McGuireWoods and TVA by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of TVA attorneys and staff, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the McGuireWoods attorney in this email. | Withheld in full | Jozlin, Joseph R. <JJozlin@mcguirewoods.com> | Crooks, Andrea Schmale <ascrooks@tva.gov>; Holly, Anna Jackson <ajholly@tva.gov>; Fowler, Brian Scott <bsfowler@tva.gov>; Koroa, M Carolyn <mckoroa@tva.gov>; Colverson, Colin <ccolverson@tva.gov>; Snodgrass, Donald W <dwsnodgrass@tva.gov>; Byars, Jack Griffith II <jgbyars@tva.gov>; Diederich, James A <jadiederich@tva.gov>; Harris, Jeffrey Max <jharris4@tva.gov>; Brogdon, Jennifer N <jbrogdon@tva.gov>; Brundige, Jennifer Lynn <jbrundige@tva.gov>; Reed, Julie M <jmreed2@tva.gov>; Utt, Karen R <krutt@tva.gov>; Mehta, Khurshid K <kkmehta@tva.gov>; Smallwood, Lisa Carol <lcsmallwood@tva.gov>; Tritapoe, Michael G <mtritapoe@tva.gov>; Hirsch, Randall Lee <rlhirsch@tva.gov>; Tolene, Rebecca Chunn <rctolene@tva.gov>; Markham, Wilbourne C Jr | Wood, Allison D.; Jaber, Makram B.; Flynn, Aaron M. |
| 206 | EPI-TATE 002720 | EPI-TATE 002773 | | PDF Attachment to 205 | Town of Weymouth, MA v. MA DEP (1st Cir). | | | | Produced | | | |
| 207 | EPI-TATE 002774 | EPI-TATE 002775 | 10/13/20 | MSG | CAA Regulatory Developments and Compliance Update - October 13, 2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information communicated by McGuireWoods to TVA concerning CAA regulatory and compliance developments. A heading in the body of the email designates it as privileged and confidential. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to TVA concerning attorney advice, analysis, and observations on the CAA-related regulatory and compliance developments described in this email. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which McGuire Woods provides legal advice to TVA. Disclosure would chill the open and candid communications between TVA and its counsel on such matters and would adversely impair the attorney-client relationship between McGuireWoods and TVA by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of TVA attorneys and staff, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. | Withheld in full | Jozlin, Joseph R. <JJozlin@mcguirewoods.com> | Jozlin, Joseph R. <jjozlin@mcguirewoods.com>; Crooks, Andrea Schmale <ascrooks@tva.gov>; Holly, Anna Jackson <ajholly@tva.gov>; Fowler, Brian Scott <bsfowler@tva.gov>; Koroa, M Carolyn <mckoroa@tva.gov>; Colverson, Colin <ccolverson@tva.gov>; Snodgrass, Donald W <dwsnodgrass@tva.gov>; Byars, Jack Griffith II <jgbyars@tva.gov>; Diederich, James A <jadiederich@tva.gov>; Harris, Jeffrey Max <jharris4@tva.gov>; Brogdon, Jennifer N <jbrogdon@tva.gov>; Brundige, Jennifer Lynn <jbrundige@tva.gov>; Reed, Julie M <jmreed2@tva.gov>; Utt, Karen R <krutt@tva.gov>; Mehta, Khurshid K <kkmehta@tva.gov>; Smallwood, Lisa Carol <lcsmallwood@tva.gov>; Tritapoe, Michael G <mtritapoe@tva.gov>; Hirsch, Randall Lee <rlhirsch@tva.gov>; Tolene, Rebecca Chunn | Wood, Allison D.; Jaber, Makram B.; Flynn, Aaron M. |
| 208 | EPI-TATE 002776 | EPI-TATE 002777 | 09/08/20 | MSG | CAA Regulatory Developments and Compliance Update - September 8 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of information communicated by McGuireWoods to TVA concerning CAA regulatory and compliance developments relevant to TVA's operations. A heading in the body of the email designates it as privileged and confidential. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of McGuireWoods with regard to the legal services it offers to clients and the advice given by McGuireWoods to TVA. Thus, disclosure would foreseeably harm McGuireWoods' commercial or business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to TVA concerning attorney advice, analysis, and observations on the CAA-related regulatory and compliance developments described in this email. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which McGuire Woods provides legal advice to TVA. Disclosure would chill the open and candid communications between TVA and its counsel on such matters and would adversely impair the attorney-client relationship between McGuireWoods and TVA by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship.<br><br>Exemption 6 – This email also contains direct personal contact information of TVA attorneys and staff, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CAA attorney in this email. | Withheld in full | Jozlin, Joseph R. <JJozlin@mcguirewoods.com> | Crooks, Andrea Schmale <ascrooks@tva.gov>; Holly, Anna Jackson <ajholly@tva.gov>; Fowler, Brian Scott <bsfowler@tva.gov>; Koroa, M Carolyn <mckoroa@tva.gov>; Colverson, Colin <ccolverson@tva.gov>; Snodgrass, Donald W <dwsnodgrass@tva.gov>; Byars, Jack Griffith II <jgbyars@tva.gov>; Diederich, James A <jadiederich@tva.gov>; Harris, Jeffrey Max <jharris4@tva.gov>; Brogdon, Jennifer N <jbrogdon@tva.gov>; Brundige, Jennifer Lynn <jbrundige@tva.gov>; Reed, Julie M <jmreed2@tva.gov>; Utt, Karen R <krutt@tva.gov>; Mehta, Khurshid K <kkmehta@tva.gov>; Smallwood, Lisa Carol <lcsmallwood@tva.gov>; Tritapoe, Michael G <mtritapoe@tva.gov>; Hirsch, Randall Lee <rlhirsch@tva.gov>; Tolene, Rebecca Chunn <rctolene@tva.gov>; Markham, Wilbourne C Jr | Wood, Allison D.; Jaber, Makram B.; Flynn, Aaron M. |

| A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 209 | EPI-TATE 002778 | EPI-TATE 002781 | 01/05/21 | MSG | CLG Update 1-5-2021 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the McGuireWoods attorney in this email. | Withheld in full | Flynn, Aaron M. <aaronflynn@mcguirewoods.com> | CLG | Wood, Allison D.; Woo, Alexander C. Yarborough, M. Caroline |
| 210 | EPI-TATE 002782 | EPI-TATE 002856 | | PDF Attachment to 209 | Shell v. Rhode Island_Petition for Cert | | | | Produced | | | |
| 211 | EPI-TATE 002857 | EPI-TATE 002989 | | PDF Attachment to 209 | Chevron v. County of San Mateo_Petition for Cert | | | | Produced | | | |
| 212 | EPI-TATE 002990 | EPI-TATE 003055 | | PDF Attachment to 209 | United States v. California_Motion for Extension of Time | | | | Produced | | | |
| 213 | EPI-TATE 003056 | EPI-TATE 003169 | | PDF Attachment to 209 | US_APP_CA9_18-36082_Filed_ECF_Appellees_Jaime_B_Nathaniel_B_Victoria_B (3) | | | | Produced | | | |
| 214 | EPI-TATE 003170 | EPI-TATE 003264 | | PDF Attachment to 209 | US v. California_Appeal | | | | Produced | | | |
| 215 | EPI-TATE 003265 | EPI-TATE 003266 | | PDF Attachment to 209 | epa2020_2440a | | | | Produced | | | |
| 216 | EPI-TATE 003267 | EPI-TATE 003268 | | PDF Attachment to 209 | US_DIS_DCD_1_20cv1932_MOTION_to_Strike_66_NOTICE_OF_SUPPLEMENTAL_AUTHORI | | | | Produced | | | |
| 217 | EPI-TATE 003269 | EPI-TATE 003272 | | PDF Attachment to 209 | US_DIS_DCD_1_20cv1932_NOTICE_OF_SUPPLEMENTAL_AUTHORITY_by_CHEVRON_CORPOR (1) | | | | Produced | | | |
| 218 | EPI-TATE 003273 | EPI-TATE 003316 | | PDF Attachment to 209 | US_APP_CA9_18-36082_Filed_ECF_Appellees_Jaime_B_Nathaniel_B_Victoria_B (4) | | | | Produced | | | |
| 219 | EPI-TATE 003317 | EPI-TATE 003319 | 04/17/20 | MSG | CLG Update 4-17-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B. |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 220 | EPI-TATE 003320 | EPI-TATE 003374 | | Power Point Attachment to 219 | Active_129800222_1_Slide Presentation for April 16, 2020 Monthly Meeting. | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This slide presentation contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A watermark on each slide states that it is "CONFIDENTIAL." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This slide presentation is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this slide presentation would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This slide presentation also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the slide presentation, among others. The communications in this slide presentation consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information in the form of mobile phone numbers, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | | Withheld in full | | | |
| 221 | EPI-TATE 003375 | EPI-TATE 003377 | 04/22/20 | MSG | CLG Update 4-22-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B. |
| 222 | EPI-TATE 003378 | EPI-TATE 003393 | | PDF Attachment to 221 | Notice of Appeal to the Supreme Court of Norway | | | | Produced | | | |
| 223 | EPI-TATE 003394 | EPI-TATE 003396 | 04/23/20 | MSG | CLG Update 4-23-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 224 | EPI-TATE 003397 | EPI-TATE 003961 | | PDF Attachment to 223 | EDF petition for review of FERC PJM MOPR orders | | | | Produced | | | |
| 225 | EPI-TATE 003962 | EPI-TATE 004005 | | PDF Attachment to 223 | fww_v_ferc_petition | | | | Produced | | | |
| 226 | EPI-TATE 004006 | EPI-TATE 004094 | | PDF Attachment to 223 | United States v. California 2nd motion for summary judgement | | | | Produced | | | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 227 | EPI-TATE 004095 | EPI-TATE 004097 | 04/24/20 | MSG | CLG Update 4-24-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 228 | EPI-TATE 004098 | EPI-TATE 004159 | | PDF Attachment to 227 | 2020-02-26_Earth_Island_Complaint_FILED | | | | Produced | | | |
| 229 | EPI-TATE 004160 | EPI-TATE 004172 | | PDF Attachment to 227 | Request for FERC technical conference on how to integrate carbon pricing in wholesale electrical markets | | | | Produced | | | |
| 230 | EPI-TATE 004173 | EPI-TATE 004175 | | PDF Attachment to 227 | Carbon Pricing Notice | | | | Produced | | | |
| 231 | EPI-TATE 004176 | EPI-TATE 004177 | 04/27/20 | MSG | CLG Update 4-27-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 232 | EPI-TATE 004178 | EPI-TATE 004189 | | PDF Attachment to 231 | Morgan Stanley 2020 Environmental and Social Policy Statement | | | | Produced | | | |
| 233 | EPI-TATE 004190 | EPI-TATE 004193 | | PDF Attachment to 231 | Biden Clean Energy Revolution Fact Sheet_4_23_20 | | | | Produced | | | |
| 234 | EPI-TATE 004194 | EPI-TATE 004195 | 04/28/20 | MSG | CLG Update 4-28-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 236 | 235 | EPI-TATE 004196 | EPI-TATE 004197 | 05/05/20 | MSG | CLG Update 5-5-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 237 | 236 | EPI-TATE 004198 | EPI-TATE 004210 | | PDF Attachment to 235 | Suncor and Exxon Opposition to Boulder Motion for Summary Affirmance. | | | | Produced | | | |
| 238 | 237 | EPI-TATE 004211 | EPI-TATE 004241 | | PDF Attachment to 235 | Saratoga v. Woods_Memorandum of Law in Support of Motion to Transfer Venue or Stay | | | | Produced | | | |
| 239 | 238 | EPI-TATE 004242 | EPI-TATE 004243 | 05/08/20 | MSG | CLG Update 5-8-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 240 | 239 | EPI-TATE 004244 | EPI-TATE 004250 | | PDF Attachment to 238 | Consolidation Order on FERC PJM MOPR orders_5-5-20 | | | | Produced | | | |
| 241 | 240 | EPI-TATE 004251 | EPI-TATE 004255 | 05/18/20 | MSG | CLG Update 5-18-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 242 | 241 | EPI-TATE 004256 | EPI-TATE 004259 | | PDF Attachment to 240 | Maryland Solar response to EH_OVEC Motion | | | | Produced | | | |
| 243 | 242 | EPI-TATE 004260 | EPI-TATE 004297 | | PDF Attachment to 240 | Evergreen_Clean Jumpstart Plan | | | | Produced | | | |
| 244 | 243 | EPI-TATE 004298 | EPI-TATE 004299 | | PDF Attachment to 240 | Rhode Island v. Shell_Chevron response to 28(j)_Miree | | | | Produced | | | |
| 245 | 244 | EPI-TATE 004300 | EPI-TATE 004301 | | PDF Attachment to 240 | Rhode Island v. Shell_Chevron response to 28(j)_ARCO | | | | Produced | | | |
| 246 | 245 | EPI-TATE 004302 | EPI-TATE 004311 | | PDF Attachment to 240 | Rhode Island v. Shell_Chevron 28(j) motion | | | | Produced | | | |

| A | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 246 | EPI-TATE 004312 | EPI-TATE 004345 | | PDF Attachment to 240 | Vision for Equitable Climate Action | | | | Produced | | | |
| 247 | EPI-TATE 004346 | EPI-TATE 004350 | 05/21/20 | MSG | CLG Update 5-21-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 248 | EPI-TATE 004351 | EPI-TATE 004353 | | PDF Attachment to 247 | Schatz and Whitehouse Letter to CFTC regarding Carbon Pricing | | | | Produced | | | |
| 249 | EPI-TATE 004354 | EPI-TATE 004356 | | PDF Attachment to 247 | Schatz and Whitehouse Letter to CFTC regarding role of Financial Regulators | | | | Produced | | | |
| 250 | EPI-TATE 004357 | EPI-TATE 004361 | | PDF Attachment to 247 | ISO New England Comments_AD20-14 | | | | Produced | | | |
| 251 | EPI-TATE 004362 | EPI-TATE 004369 | | PDF Attachment to 247 | CAISO Comments_AD20-14 | | | | Produced | | | |
| 252 | EPI-TATE 004370 | EPI-TATE 004371 | | PDF Attachment to 247 | Democrat Senator Letter to Chairman Chatterjee_AD20-14 | | | | Produced | | | |
| 253 | EPI-TATE 004372 | EPI-TATE 004389 | | PDF Attachment to 247 | NY DEC Notice of Denial of Water Quality Certification | | | | Produced | | | |
| 254 | EPI-TATE 004390 | EPI-TATE 004418 | | PDF Attachment to 247 | In Re Exxon Mobile Derivative Litigation_Plaintiff's Opposition to Motion to Transfer Venue | | | | Produced | | | |
| 255 | EPI-TATE 004419 | EPI-TATE 004420 | 05/26/20 | MSG | CLG Update 5-26-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 256 | EPI-TATE 004421 | EPI-TATE 004450 | | PDF Attachment to 255 | Oakland Opinion | | | | Produced | | | |
| 257 | EPI-TATE 004451 | EPI-TATE 004484 | | PDF Attachment to 255 | San Mateo Opinion | | | | Produced | | | |

| A | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 258 | EPI-TATE 004485 | EPI-TATE 004489 | 06/02/20 | MSG | CLG Update 6-2-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 259 | EPI-TATE 004490 | EPI-TATE 004503 | | PDF Attachment to 258 | Rhode Island v. Shell_28j_Oakland | | | | Produced | | | |
| 260 | EPI-TATE 004504 | EPI-TATE 004518 | | PDF Attachment to 258 | Rhode Island v. Shell_28j_San Mateo v. Chevron | | | | Produced | | | |
| 261 | EPI-TATE 004519 | EPI-TATE 004523 | | PDF Attachment to 258 | Petition for Review of FERC Jordan Cove Certificate. | | | | Produced | | | |
| 262 | EPI-TATE 004524 | EPI-TATE 004566 | | PDF Attachment to 258 | Mass v. Exxon_May 28 Memorandum of Decision. | | | | Produced | | | |
| 263 | EPI-TATE 004567 | EPI-TATE 004674 | | PDF Attachment to 258 | IRS Carbon Capture NOPR | | | | Produced | | | |
| 264 | EPI-TATE 004675 | EPI-TATE 004772 | | PDF Attachment to 258 | chevron-proxy-statement-2020 | | | | Produced | | | |
| 265 | EPI-TATE 004773 | EPI-TATE 004776 | 06/08/20 | MSG | CLG Update 6-8-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 266 | EPI-TATE 004777 | EPI-TATE 004814 | | PDF Attachment to 265 | Transportation Climate Bill_Section-by-Section | | | | Produced | | | |
| 267 | EPI-TATE 004815 | EPI-TATE 004819 | | PDF Attachment to 265 | Clean Energy Recovery Letter 06022020 (2) | | | | Produced | | | |
| 268 | EPI-TATE 004820 | EPI-TATE 004821 | | PDF Attachment to 265 | Chevron Response to RI 28(j)_Riggs Case_6-4-20 | | | | Produced | | | |
| 269 | EPI-TATE 004822 | EPI-TATE 004831 | | PDF Attachment to 265 | Transportation Climate Bill Summary | | | | Produced | | | |
| 270 | EPI-TATE 004832 | EPI-TATE 005695 | | PDF Attachment to 265 | Transportation Bill with Climate Measures_6-2-20 | | | | Produced | | | |
| 271 | EPI-TATE 005696 | EPI-TATE 005715 | | PDF Attachment to 265 | The Growing Climate Solutions Act of 2020_Bill | | | | Produced | | | |
| 272 | EPI-TATE 005716 | EPI-TATE 005717 | | PDF Attachment to 265 | Juliana_28(j)_June 3-2020 | | | | Produced | | | |
| 273 | EPI-TATE 005718 | EPI-TATE 005720 | | PDF Attachment to 265 | Growing Climate Solutions Act One Pager | | | | Produced | | | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 274 | EPI-TATE 005721 | EPI-TATE 005723 | 6/12/2020 | MSG | CLG Update 6-12-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 275 | EPI-TATE 005724 | EPI-TATE 005760 | | PDF Attachment to 274 | Earth Island v. Crystal Geiser_Defendants Joint Opposition to Plaintiff's Motion to Remand_6-8-20 | | | | Produced | | | |
| 276 | EPI-TATE 005761 | EPI-TATE 005817 | | PDF Attachment to 274 | United States v. California_DOJ Reply Brief_6-8-20 | | | | Produced | | | |
| 277 | EPI-TATE 005818 | EPI-TATE 005827 | | PDF Attachment to 274 | Florida Charging Station Bill | | | | Produced | | | |
| 278 | EPI-TATE 005828 | EPI-TATE 005871 | | PDF Attachment to 274 | Breaking-the climate-finance-doom-loop_Finance-Watch-report | | | | Produced | | | |
| 279 | EPI-TATE 005872 | EPI-TATE 005872 | | PDF Attachment to 274 | San Mateo v. Chevron Extension of Time Order | | | | Produced | | | |
| 280 | EPI-TATE 005873 | EPI-TATE 005979 | | PDF Attachment to 274 | Active_131864817_1_Slide Presentation for CLG Meeting on June 11 | Exemption 4<br>Exemption 5 (Attorney Client) | Exemption 4 (Confidential Commercial Information of a Submitter) - This slide presentation contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A watermark on each slide states that it is "CONFIDENTIAL." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This slide presentation is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this slide presentation would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This slide presentation also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the slide presentation, among others. The communications in this slide presentation consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members. | | Withheld in full | | | |
| 281 | EPI-TATE 0059801 | EPI-TATE 005981 | 6/16/2020 | MSG | CLG Update 6-16-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 282 | EPI-TATE 005982 | EPI-TATE 005984 | | PDF Attachment to 281 | Boulder v. Suncor_Exxon response to 28(j)_6-12-20 | | | | Produced | | | |
| 283 | EPI-TATE 005985 | EPI-TATE 005986 | | PDF to Attachment 28 | 111 Order Granting Motions to Dismiss with Prejudice | | | | Produced | | | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 284 | EPI-TATE 005987 | EPI-TATE 005989 | 6/23/2020 | MSG | CLG Update 6-23-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 285 | EPI-TATE 005990 | EPI-TATE 006173 | | PDF Attachment to 284 | June 19 Order Confirming PG&E Bankruptcy Plan | | | | Produced | | | |
| 286 | EPI-TATE 006174 | EPI-TATE 006254 | | PDF Attachment to 284 | NYDPS June 18 White Paper | | | | Produced | | | |
| 287 | EPI-TATE 006255 | EPI-TATE 006256 | 6/24/2020 | MSG | CLG Update 6-24-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 288 | EPI-TATE 006257 | EPI-TATE 006258 | | PDF Attachment to 287 | Juliana v. US_Submission of Supplemental Authority_Entry 186 | | | | Produced | | | |
| 289 | EPI-TATE 006259 | EPI-TATE 006260 | | PDF Attachment to 287 | Juliana v. US_Submission of Supplemental Authority_Entry 187 | | | | Produced | | | |
| 290 | EPI-TATE 006261 | EPI-TATE 006299 | | PDF Attachment to 287 | PS_2020.06.23_government-climate_REPORT | | | | Produced | | | |
| 291 | EPI-TATE 006300 | EPI-TATE 006301 | 6/25/2020 | MSG | CLG Update 6-25-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 292 | EPI-TATE 006302 | EPI-TATE 006320 | | PDF Attachment to 291 | climate_change_and_monetary_policy_final | | | | Produced | | | |
| 293 | EPI-TATE 006321 | EPI-TATE 006359 | | PDF Attachment to 291 | ngfs_climate_scenarios_final | | | | Produced | | | |
| 294 | EPI-TATE 006360 | EPI-TATE 006400 | | PDF Attachment to 291 | ngfs_guide_scenario_analysis_final (1) | | | | Produced | | | |
| 295 | EPI-TATE 006401 | EPI-TATE 006412 | | PDF Attachment to 291 | ngfs_research_priorities_final | | | | Produced | | | |
| 296 | EPI-TATE 006413 | EPI-TATE 006496 | | PDF Attachment to 291 | Minnesota v.API_Complaint | | | | Produced | | | |

| A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 297 | EPI-TATE 006497 | EPI-TATE 006499 | 06/29/20 | MSG | CLG Update 6-29-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 298 | EPI-TATE 006500 | EPI-TATE 006506 | | PDF Attachment to 297 | Cal. Senate Generator Bill_SB 1099 | | | | Produced | | | |
| 299 | EPI-TATE 006507 | EPI-TATE 006512 | | PDF Attachment to 297 | Cal. Senate Wildfire Bill_SB 952 | | | | Produced | | | |
| 300 | EPI-TATE 006513 | EPI-TATE 006524 | | PDF Attachment to 297 | Cal. Senate Climate Bill_SB 795 | | | | Produced | | | |
| 301 | EPI-TATE 006525 | EPI-TATE 006578 | | PDF Attachment to 297 | Ford Sustainability Report | | | | Produced | | | |
| 302 | EPI-TATE 006579 | EPI-TATE 006679 | | PDF Attachment to 297 | DC Complaint against Exxon et al | | | | Produced | | | |
| 303 | EPI-TATE 006680 | EPI-TATE 006685 | | PDF Attachment to 297 | Cal. Senate Wildfire Bill_SB 801 | | | | Produced | | | |
| 304 | EPI-TATE 006686 | EPI-TATE 006779 | | PDF Attachment to 297 | GREEN-Act | | | | Produced | | | |
| 305 | EPI-TATE 006780 | EPI-TATE 006781 | 07/14/20 | MSG | CLG Update 7-14-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 306 | EPI-TATE 006782 | EPI-TATE 006789 | | PDF Attachment to 305 | Pennsylvania House Bill Against Carbon Tax | | | | Produced | | | |
| 307 | EPI-TATE 006790 | EPI-TATE 006840 | | PDF Attachment to 305 | Virginia Carbon Trading Rule | | | | Produced | | | |
| 308 | EPI-TATE 006841 | EPI-TATE 006850 | | PDF Attachment to 305 | WildEarth Guardians v. Polis_Complaint | | | | Produced | | | |
| 309 | EPI-TATE 006851 | EPI-TATE 006963 | | PDF Attachment to 305 | California Utility Climate Disclosure Proposal. | | | | Produced | | | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 310 | EPI-TATE 006964 | EPI-TATE 006967 | 10/01/20 | MSG | CLG Update 10-1-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 311 | EPI-TATE 006968 | EPI-TATE 006981 | | PDF Attachment to 310 | Rhode Island 28(j)_9-17-20 | | | | Produced | | | |
| 312 | EPI-TATE 006982 | EPI-TATE 006982 | | PDF Attachment to 310 | Motion to Extend Stay of Mandate | | | | Produced | | | |
| 313 | EPI-TATE 006983 | EPI-TATE 006985 | | PDF Attachment to 310 | In Re Exxon Derivative Litigation_Withdrawal of Motion to Intervene | | | | Produced | | | |
| 314 | EPI-TATE 006986 | EPI-TATE 007006 | | PDF Attachment to 310 | CBO's Projection of the Effect of Climate Change on U.S. | | | | Produced | | | |
| 315 | EPI-TATE 007007 | EPI-TATE 007009 | 10/6/2020 | MSG | CLG Update 10-6-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 316 | EPI-TATE 007010 | EPI-TATE 007102 | | PDF Attachment to 315 | Food and Water Watch_FERC Initial Brief. | | | | Produced | | | |
| 317 | EPI-TATE 007103 | EPI-TATE 007297 | | PDF Attachment to 315 | SEC Final Shareholder Rule. | | | | Produced | | | |
| 318 | EPI-TATE 007298 | EPI-TATE 007300 | 10/7/2020 | MSG | CLG Update 10-7-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 319 | EPI-TATE 007301 | EPI-TATE 007331 | | PDF Attachment to 318 | In Re Exxon Mobil Corporation Derivative Litigation_Lead Plaintiff's Opposition to Gail Walkover's Motion to Vacate Existing Leadership Structure_10-2-20 | | | | Produced | | | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 320 | EPI-TATE 007332 | EPI-TATE 007335 | | PDF Attachment to 318 | In Re Exxon Mobil Corporation Derivative Litigation_Defendant Motion for Oral Argument_9-30-20 | | | | Produced | | | |
| 321 | EPI-TATE 007336 | EPI-TATE 007339 | | PDF Attachment to 318 | In Re Exxon Mobil Corporation Derivative Litigation_P Response to Defendant's Request for Oral Argument_10-5-20 | | | | Produced | | | |
| 322 | EPI-TATE 007340 | EPI-TATE 007342 | | PDF Attachment to 318 | Rhode Island v. Shell_28(j)_ 10-5-20 | | | | Produced | | | |
| 323 | EPI-TATE 007343 | EPI-TATE 007348 | 10/12/2020 | MSG | CLG Update 10-12-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 324 | EPI-TATE 007349 | EPI-TATE 007352 | | PDF Attachment to 323 | Letter to BlackRock on 2020 proxy voting record_2020.10.08 | | | | Produced | | | |
| 325 | EPI-TATE 007353 | EPI-TATE 007395 | | PDF Attachment to 323 | Food & Water Watch v. FERC_Policy Integrity Amicus Brief | | | | Produced | | | |
| 326 | EPI-TATE 007396 | EPI-TATE 007437 | | PDF Attachment to 323 | Food & Water Watch v. FERC_INGAA Amicus Brief | | | | Produced | | | |
| 327 | EPI-TATE 007438 | EPI-TATE 007502 | | PDF Attachment to 323 | Food & Water Watch v. FERC_Columbia Gas of Massachusetts Brief | | | | Produced | | | |
| 328 | EPI-TATE 007503 | EPI-TATE 007507 | 12/8/2020 | MSG | CLG Update 12-8-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 329 | EPI-TATE 007508 | EPI-TATE 007511 | | PDF Attachment to 328 | healthy-climate-surcharge-ordinance_11_20_20 | | | | Produced | | | |
| 330 | EPI-TATE 007512 | EPI-TATE 007550 | | PDF Attachment to 328 | BP Plc v. Mayor & City Council of Baltimore_U.S. Amicus Brief_11-23-20 | | | | Produced | | | |
| 331 | EPI-TATE 007551 | EPI-TATE 007551 | | PDF Attachment to 328 | Ford Letter_12-1-20 | | | | Produced | | | |
| 332 | EPI-TATE 007552 | EPI-TATE 007553 | | PDF Attachment to 328 | CT v. Exxon_Motion for Remand | | | | Produced | | | |
| 333 | EPI-TATE 007554 | EPI-TATE 007669 | | PDF Attachment to 328 | Memo of Law in Support of CT Motion for Remand to State Court_12-2-2020 | | | | Produced | | | |

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
| 335 | 334 | EPI-TATE 007670 | EPI-TATE 007675 | 10/17/2020 | MSG | CLG Update 12-17-2020 | Exemption 4<br>Exemption 5 (Attorney Client)<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - This email contains confidential commercial information voluntarily submitted by McGuireWoods to TVA consisting of information communicated by counsel for the CLG at McGuireWoods to the CLG and its members. A heading at the top of this email states, in bold, that the email is "PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT." The confidential information consists of CLG counsel's commentary and analysis on climate-related regulatory and litigation developments including of opinions from federal and state court litigation, state and federal rulemaking, and national and international policy discussions and developments. This information is intended by McGuireWoods and the CLG to remain confidential, a heading in the body of the email designates it as privileged and confidential, and it is customarily and actually kept private by McGuireWoods, the CLG, and its members, and was provided to TVA and other members of the CLG with an expectation of privacy. This email is a "Group Communication" as defined by the confidentiality provision of the CLG's by-laws and TVA and other members of the CLG are prohibited from disclosing the information in this communication as well as the identities of the CLG members. Disclosure of the confidential information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors of the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates and the advice given by McGuireWoods to the CLG and its members. Thus, disclosure would foreseeably harm the CLG, its members, and McGuireWoods' commercial and business interests.<br><br>Exemption 5 (Attorney Client Privilege) – This email also contains confidential communications from counsel to the CLG (which consists of its members) concerning attorney advice, analysis, and observations on the climate-related regulatory and litigation developments described in the attachments to this email, among others. The communications in this email consist of attorney analyses and impressions on these various legal and regulatory matters on which the CLG members share a common interest and on which CLG counsel provides legal advice to the CLG and its members. Disclosure would chill the open and candid communications between the CLG attorneys and the CLG members on such matters and would adversely impair the attorney-client relationship between the CLG counsel and the CLG and its members by eliminating the expectation that communications would be kept confidential, causing foreseeable harm to the attorney-client relationship and to the CLG and its members.<br><br>Exemption 6 – This email also contains direct personal contact information of non-TVA CLG members, in the form of unique email addresses of individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Because of the confidential and privileged nature of this document, it contains no non-exempt information that is reasonably segregable from the exempt information. The attachments to this email, which have been disclosed, provide a sufficient factual description of the subjects that are discussed and analyzed by the CLG attorney in this email. | Withheld in full | Flynn, Aaron M. | CLG | Wood, Allison D.; Francis, Colin B.; Yarborough, M. Caroline |
| 336 | 335 | EPI-TATE 007676 | EPI-TATE 007680 | | PDF Attachment to 334 | Republican Letter to J. Powell_12-9-20 | | | | Produced | | | |
| 337 | 336 | EPI-TATE 007681 | EPI-TATE 007681 | | PDF Attachment to 334 | US_APP_CA10_19-1330__10792048 _Petition_for_writ_of_certiorari_filed_by | | | | Produced | | | |
| 338 | 337 | EPI-TATE 007682 | EPI-TATE 007696 | | PDF Attachment to 334 | Suncor Petition for Supreme Court Review | | | | Produced | | | |
| 339 | 338 | EPI-TATE 007697 | EPI-TATE 007743 | | PDF Attachment to 334 | Center for Biological Diversity v. Zinke | | | | Produced | | | |
| 340 | 339 | EPI-TATE 007744 | EPI-TATE 007762 | | PDF Attachment to 334 | Clean-Products-Standard-A-New-Approach-to-Industrial-Decarbonization. | | | | Produced | | | |
| 341 | 340 | EPI-TATE 007763 | EPI-TATE 007764 | | PDF Attachment to 334 | US_APP_CA9_18-36082_Filed_ECF_Appellees_Jaime_B_Nathaniel_B_Victoria_B (2) | | | | Produced | | | |
| 342 | 341 | EPI-TATE 007765 | EPI-TATE 007771 | | PDF Attachment to 334 | Letter-Engine-No.-1-Letter-to-the-ExxonMobil-Board-12-7-20 | | | | Produced | | | |
| 343 | 342 | EPI-TATE 007772 | EPI-TATE 007772 | 09/01/20 | MSG | Chambers Reference | Exemption 6 | Exemption 6 – This email contains direct personal contact information of an individual, in the form of an email address, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram B. | Koroa, M Carolyn | |
| 344 | 343 | EPI-TATE 007773 | EPI-TATE 007774 | 09/01/20 | MSG | RE: Chambers Reference | Exemption 6 | Exemption 6 – This email contains direct personal contact information of an individual, in the form of an email address, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, M Carolyn | |
| 345 | 344 | EPI-TATE 007775 | EPI-TATE 007775 | 09/14/20 | MSG | Climate Legal Group Invoice | | | | Produced | Wood, Allison | Utt, Karen R. | |
| 346 | 345 | EPI-TATE 007776 | EPI-TATE 007776 | 09/14/20 | PDF Attachment to 344 | Climate Legal Group Invoice | Exemption 4 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this document consists of information communicated by counsel for the CLG at McGuireWoods to TVA regarding McGuireWoods' financial information necessary for TVA's payment of dues charged by the CLG for legal services provided by McGuireWoods in 2020. This includes a bank account number, codes, and wire instructions. This information is confidential to the CLG and McGuireWoods, is intended by McGuireWoods and teh CLG to remain confidential, a heading on the document designates it as confidential, and it is customarily and actually kept private by McGuireWoods and the CLG and was provided to TVA with an expectation of privacy. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding what it charges for representations of this type. Moreover, disclosure of this document would also put the CLG at a competitive disadvantage because it would give competitors access to the CLG's confidential commercial information regarding its dues. Thus, disclosure would foreseeably harm the submitter's as well as its client's (CLG) commercial or business interests. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Wood, Allison | Utt, Karen | |
| 347 | 346 | EPI-TATE 007777 | EPI-TATE 007777 | 12/29/20 | MSG | Invoice for 2021 PGen Dues | Exemption 6 | Exemption 6 – This email contains the mobile phone number of an individual and constitutes direct personal contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Waddell, J. Thomas | Koroa, Carolyn; Woods, Allison; Reyes, Rae Anna |
| 348 | 347 | EPI-TATE 007778 | EPI-TATE 007779 | 12/29/20 | PDF Attachment to 346 | Invoice PGEN No. 92446314 | Exemption 4 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this document consists of information communicated by counsel for PGen at McGuireWoods to TVA regarding McGuireWoods' financial information necessary for TVA's payment of dues charged by PGen for legal services provided by McGuireWoods in 2021. This includes a bank account number, codes, and wire instructions. This information is confidential to PGen and McGuireWoods, is intended by PGen and McGuireWoods to remain confidential, a heading on the document designates it as confidential, and it is customarily and actually kept private by McGuireWoods and PGen and was provided to TVA with an expectation of privacy. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding what it charges for representations of this type. Moreover, disclosure of this document would also put PGen at a competitive disadvantage because it would give competitors access to PGen's confidential commercial information regarding its dues. Thus, disclosure would foreseeably harm the submitter's as well as its client's (PGen) commercial or business interests. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Flynn, Aaron | Waddell, J. Thomas | |
| 349 | 348 | EPI-TATE 007780 | EPI-TATE 007781 | 01/11/21 | MSG | RE: Invoice for 2021 PGen Dues | Exemption 6 | Exemption 6 – This email contains the mobile phone numbers of individuals and constitutes direct personal contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Waddell, J. Thomas | Koroa, Carolyn; Woods, Allison; Reyes, Rae Anna |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 349 | EPI-TATE 007782 | EPI-TATE 007783 | 10/07/20 | MSG | Climate Legal Group Meeting Clarification | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identity of CLG members (from employee email adresses), which is intended by by CLG, its members, and McGuireWoods to remain confidential. This information is not typically released to the public and a heading on the email designates it as privileged and confidential. Under the confidentiality provision of the CLG's by-laws, TVA is prohibited from releasing information within the scope of the CLG's functions and activities, including the identities of CLG members, the by-laws, and other materials and information related to the formation and operation of the CLG. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors to the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates. Thus, disclosure would foreseeably harm the CLG and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Wood, Allison | CLG | Yarborough, Caroline; Flynn, Aaron; Francis, Colin |
| 350 | EPI-TATE 007784 | EPI-TATE 007785 | 04/13/20 | MSG | Climate Legal Group: Next Meeting Thursday, April 16 | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identity of CLG members (from employee email adresses), which is intended by by CLG, its members, and McGuireWoods to remain confidential. This information is not typically released to the public and a heading on the email designates it as privileged and confidential. Under the confidentiality provision of the CLG's by-laws, TVA is prohibited from releasing information within the scope of the CLG's functions and activities, including the identities of CLG members, the by-laws, and other materials and information related to the formation and operation of the CLG. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors to the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates. Thus, disclosure would foreseeably harm the CLG and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Wood, Allison | CLG | Flynn, Aaron |
| 351 | EPI-TATE 007786 | EPI-TATE 007786 | 06/30/20 | MSG | Follow-up Call | | | | Produced | Jaber, Makram | Koroa, Carolyn | Wood Allison |
| 352 | EPI-TATE 007787 | EPI-TATE 007790 | 04/01/20 | MSG | FW: New Firm | | | | Produced | Jaber, Makram | Koroa, Carolyn; Mehta, Khurshid; Waddell, J. Thomas | Wood, Allison; Flynn, Aaron |
| 353 | EPI-TATE 007791 | EPI-TATE 007792 | 10/07/20 | MSG | Next Week's Expletory Committee Call - New Time | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identities (from employees' emails addresses) of entities that retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure.<br><br>Note: Mr. Jaber's office fax number was redacted in the March 22, 2022 FOIA production. That redaction was inadvertent as that information is publicly available and may be found on the firm's website. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | PGen | Wood, Allison; Flynn, Aaron |
| 354 | EPI-TATE 007793 | EPI-TATE 007794 | 10/07/20 | MSG | RE: Next Week's Expletory Committee Call - New Time | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of email addresses of individuals whose companies retained McGuireWoods to advise on the formation and incorporation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, Carolyn; Johnson, Steven; Mehta, Khurshid | Wood, Allison; Flynn, Aaron |
| 355 | EPI-TATE 007795 | EPI-TATE 007795 | 09/28/20 | MSG | October CLG Meeting | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identity of CLG members (from employee email adresses), which is intended by by CLG, its members, and McGuireWoods to remain confidential. This information is not typically released to the public and a heading on the email designates it as privileged and confidential. Under the confidentiality provision of the CLG's by-laws, TVA is prohibited from releasing information within the scope of the CLG's functions and activities, including the identities of CLG members, the by-laws, and other materials and information related to the formation and operation of the CLG. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors to the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates. Thus, disclosure would foreseeably harm the CLG and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Flynn, Aaron M. | CLG | Wood, Allison; Francis, Collin; Yarborough, Caroline |
| 356 | EPI-TATE 007796 | EPI-TATE 007797 | 12/17/20 | MSG | Possible Dates for First Meeting of Power Generators Air Coalition | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of information regarding the formation and operation of PGen and the identity (from employee email addresses) of potential PGen members. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | PGen | Wood, Allison; Flynn, Aaron |
| 357 | EPI-TATE 007798 | EPI-TATE 007799 | 04/10/20 | MSG | RE: CAA Regulatory Information and Compliance Matter for TVA | | | | Produced | Jaber, Makram | Koroa, Carolyn | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 358 | EPI-TATE 007800 | EPI-TATE 007801 | 08/10/20 | MSG | RE: Climate Legal Group: Possible Change in Meeting Time and Possible New Member | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential commercial information in this email consists of the identity of CLG members (from employee email addresses), and the identitity of a potential member, which is intended by the CLG and McGuireWoods to remain confidential. This information is not typically released to the public and a heading on the email designates it as privileged and confidential. Under the confidentiality provision of the CLG's by-laws, TVA is prohibited from releasing information within the scope of the CLG's functions and activities, including the identities of CLG members, the by-laws, and other materials and information related to the formation and operation of the CLG. Disclosure of the confidential commercial information in this email would reveal the business practice and strategy of the CLG and McGuireWoods with regard to the functions and activities of the CLG and would give competitors to the CLG and McGuireWoods access to confidential commercial information regarding how the CLG operates. Thus, disclosure would foreseeably harm the CLG and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of CLG members, in the form of email addresses, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Wood, Allison | Utt, Karen | |
| 359 | EPI-TATE 007802 | EPI-TATE 007803 | 12/18/20 | MSG | RE: Monday Call | Exemption 4<br>Exemption 6 | Exemption 4 - The confidential information in this email consists of information regarding the formation and operation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure.<br><br>Note: Mr. Jaber's office fax number was redacted in the March 22, 2022 FOIA production. That redaction was inadvertent as that information is publicly available and may be found on the firm's website. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, Carolyn | |
| 360 | EPI-TATE 007804 | EPI-TATE 007809 | 04/10/20 | MSG | Re: New Firm - CAA Regulatory Information and Compliance | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this document concerns the fees charged by McGuireWoods for its legal services to TVA, specifically, the legal representation of TVA by McGuireWoods to provide advice regarding Clean Air Act regulatory developments and compliance. This type of information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and is provided to TVA with an expectation of privacy. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of McGuireWoods with regard to the details of the legal services offered to TVA and would foreseeably harm McGuireWoods' commercial or business interests. Disclosure of this document would also put McGuireWoods at a competitive disadvantage because it would give competitors access to McGuireWoods' confidential commercial information regarding what it charges for representations of this type.<br><br>Exemption 6 – This email also contains direct personal contact information of an individual, in the form of a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, Carolyn | |
| 361 | EPI-TATE 007810 | EPI-TATE 007811 | 12/17/20 | MSG | RE: Possible Dates for First Meeting of Power Generators Air Coalition | Exemption 4<br>Exemption 6 | Exemption 4 - This email contains confidential commercial information voluntarily submitted by McGuireWoods. The confidential information in this email consists of information regarding the formation and operation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains a mobile phone number of an individual which is direct personal contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, Carolyn | |
| 362 | EPI-TATE 007812 | EPI-TATE 007814 | 12/17/20 | MSG | RE: Possible Dates for First Meeting of Power Generators Air Coalition | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of information regarding the formation and operation of PGen. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure.<br><br>Note: Mr. Jaber's office fax number was redacted in the March 22, 2022 FOIA production. That redaction was inadvertent as that information is publicly available and may be found on the firm's website. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, Carolyn | |
| 363 | EPI-TATE 007815 | EPI-TATE 007816 | 06/29/20 | MSG | RE: Since you are having difficulty connecting with webex | | | | Produced | Jaber, Makram | Koroa, Carolyn | |
| 364 | EPI-TATE 007817 | EPI-TATE 007818 | 06/01/20 | MSG | RE: TVA Contract with McGuire Woods - 5-28-20 | Exemption 6 | Exemption 6 - This email concerns TVA's contract with McGuireWoods for legal services. This document contains a mobile number of an individual. This information is also confidential commercial information of McGuireWoods and direct personal contact information for these individuals which falls within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, Carolyn | |
| 365 | EPI-TATE 007819 | EPI-TATE 007819 | 11/23/20 | MSG | …call today | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email consists of information regarding the identity (from employee email addresses) of a client that retained McGuireWoods to advise on the formation and incorporation of PGen. It also includes information regarding the identity of a potential PGen member. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure.<br><br>Note: Mr. Jaber's office fax number was redacted in the March 22, 2022 FOIA production. That redaction was inadvertent as that information is publicly available and may be found on the firm's website. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, Carolyn | |

| | Begin Bates | End Bates | DocDate | DocType | Subject/Original File Name | Applicable Exemption(s) | Description of Withheld Information | Non-Exempt Material | Withheld in Full or Redacted | From/Author | To | CC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 366 | EPI-TATE 007820 | EPI-TATE 007836 | | Power Point Attachment to 209 | Power Generation Air Coalition, Informational Meeting (working title) | Exemption 4<br>Exemption 5 (Attorney-Client)<br>Exemption 6 | Duplicate of No. 032 | The exempt information is so intertwined with the non-exempt information that the non-exempt information is not reasonably segregable. Non-exempt factual information is provided in the description of the document. | Withheld in full | | | |
| 367 | EPI-TATE 007837 | EPI-TATE 007839 | 11/23/20 | MSG | Re:…call today | Exemption 4<br>Exemption 6 | Exemption 4 (Confidential Commercial Information of a Submitter) - The confidential information in this email chain consists of information regarding the identity (from employee email addresses) of a client that retained McGuireWoods to advise on the formation and incorporation of PGen. It also includes information regarding the identity of a potential PGen member. This information is intended by McGuireWoods to remain confidential, and it is customarily and actually kept private by McGuireWoods and was provided to TVA and other clients that retained McGuireWoods to advise on the formation and incorporation of PGen with an expectation of privacy. Under the confidentiality provision of PGen's standards and procedures, TVA is prohibited from releasing confidential information related to the formation and operation of PGen, including information related to potential members of PGen. Disclosure of the confidential commercial information in this document would reveal the business practice and strategy of PGen and McGuireWoods with regard to the operations of PGen and would give competitors to PGen and McGuireWoods access to confidential commercial information regarding how PGen operates and its functions and activities. Thus, disclosure would foreseeably harm PGen, its members, and McGuireWoods' commercial or business interests.<br><br>Exemption 6 – This email also contains direct personal contact information of individuals, in the form of email addresses, as well as a mobile phone number, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, Carolyn | |
| 368 | EPI-TATE 007840 | EPI-TATE 007840 | 08/28/20 | MSG | Time for a short call today? | Exemption 6 | Exemption 6 – This email also contains a mobile phone number of an individual which is direct personal contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a particular individual. This personal information is withheld to avoid unsolicited communications. The withheld information does not shed light on the agency's performance of its duties and the harm to the individual as a result of any disclosure clearly outweighs the public interest in such a disclosure. | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Redactions | Jaber, Makram | Koroa, Carolyn | Wood, Allison |
| 369 | EPI-TATE 007841 | EPI-TATE 007841 | 09/04/20 | MSG | URGENT: Need Invoice ASAP | | | Non-exempt information that is reasonably segregable from the exempt information has been provided. | Produced | Utt, Karen | Wood, Allison | |