UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ENERGY AND POLICY INSTITUTE,<br><br>    Plaintiff,<br><br>v.<br><br>TENNESSEE VALLEY AUTHORITY,<br><br>    Defendant. | No. 3:22-cv-00220-TAV-DCP |

### EXHIBIT A: DECLARATION OF ALLISON KOLE

I, Allison Kole, declare as follows:

1. My name is Allison Kole and I am co-counsel in this matter, and this declaration is based on my personal knowledge and experience.

### COUNSEL'S RELEVANT EXPERIENCE

2. At the date of the filing of this complaint and up until October 2024, I served as Counsel at Essential Information Inc., a non-profit organization founded in 1982 whose mission is to provide the public information on important topics neglected by mass media and policy-makers. Starting in 2019, I managed the Freedom of Information Project helping researchers at Essential and other groups to obtain records wrongfully withheld by government agencies. Research topics usually concerned environmental and health impacts of fossil fuel production and the corporate capture of government institutions.

3. Recently I became General Counsel at the Energy and Policy Institute ("EPI"), a watchdog group that also has a mission to inform the public, including exposing attacks on

renewable energy and misinformation by fossil fuel and utility interests. I performed the work in this case as a part of my employment at Essential Information and EPI.

4. Following my graduation from law school in 2014, I developed expertise in the areas of environmental law, media law, and administratively law while working at public interest organizations. My administrative law practice has been focused the Freedom of Information Act and state public records laws. I have helped researchers, advocates, and journalists with strategy in writing public records requests and responding to delay or denials of records requests. I have filed dozens of formal challenges on behalf of requesters including administrative appeals and lawsuits securing records for those who have been stonewalled by federal, state, or local agencies.

5. I earned my B.A. in political science from the University of Florida College of Liberal Arts and Sciences in 2006, where I graduated *magna cum laude*. I graduated from George Washington University Law School with distinction in public service and received an award for my work in the school's health rights clinic.

6. Following law school, I worked as a law clerk for Earthjustice, a legal research fellow for Climate Investigations Center, and a staff attorney at Our Children's Trust working on the litigation team for the landmark constitutional climate case, *Juliana v. United States*.

7. Currently, as part of my duties as General Counsel, I represent EPI in FOIA challenges as well as other watchdog and public interest organizations. I use my background in climate change issues, environmental law and advocacy, media issues, and public records law to provide counsel. I negotiate with agencies, write administrative appeals, and represent groups and individuals in lawsuits in the pursuit of public records. I have been lead or co-lead counsel in cases brought against federal agencies and entities such as the Tennessee Valley Authority

(2019), the Department of Energy, White House Office of Management and Budget, and Department of the Interior. The rates attached herein reflect my experience.

## COUNSEL'S PARTICIPATION IN THE CASE AND RELATED FACTS

8. I began working on this case, *Energy and Policy Institute v. Tennessee Valley Authority*, in 2022, working in conjunction with my co-counsel Zehava Robbins on administrative appeals for EPI regarding the FOIA requests at issue. I was permitted by the Court to appear *Pro Hac Vice* in this matter, and have been leading co-counsel except for a period of May-August 2024 when I was on parental leave. In this role, I was the primary point of contact with opposing counsel and was proactive in seeking a resolution to this FOIA dispute. The facts below are based upon my personal knowledge and add to or complement facts already discussed in filings and exhibits submitted to this Court.

9. EPI submitted a FOIA request to TVA on April 13, 2021, #21-FOI-00109 ("FOIA Request 109"), seeking copies of electronic records located within TVA's Office of Environment/Environment & Energy Policy relating to McGuireWoods, the Clean Air Act Monitoring Service, and the Climate Legal Group, as well as correspondence between TVA and certain members of McGuireWoods. Amend. Cmplt. ¶ 21, ECF No. 19.

10. In response to FOIA Request 109, TVA withheld portions of 55 responsive records and withheld 157 messages and any attachments in their entirety, claiming that Exemptions 4, 5, and 6 applied. Amend Cmplt. ¶¶ 22-24; Amend. Answer Exhibit 3, ECF No. 21-3 at 1. TVA provided boilerplate definitions of the Exemptions as the reasons for its withholding, but specifically discussed that '[t]government confidential commercial privilege under exemption 5 protects the Government's confidential business information." *Id.*

11. I reviewed and EPI submitted a timely administrative appeal on April 7, 2023. Amend. Answer ¶¶ 3, 27. EPI received a final determination from TVA on May 6, 2022, which upheld all redactions and withholdings by the agency and claimed a segregability and foreseeable harm analysis was undertaken by the agency. Amend. Answer ¶ 28.

12. EPI submitted a second FOIA request to TVA on September 16, 2021, #21-FOI-00208, which was revised on February 15, 2022, to seek the overall liability and operations policy for TVA. Amend. Answer ¶ 32. TVA withheld portions of its overall liability and operations policy claiming Exemptions 4 and 5, again claiming a blanket "government confidential commercial privilege." Amend. Answer ¶ 35. This denial was also timely appealed.

13. After the initial and amended pleadings were filed, I reached out to TVA to discuss the case. As a part of these discussions, and as discussed in TVA's first cross-motion for summary judgment, TVA agreed to produce a *Vaughn* index. *See* ECF No. 33-1.

14. On January 13, 2023, TVA produced a *Vaughn* index as well as over 100 documents responsive to FOIA request 109 that were free from redactions, but had previously been withheld in full. *See e.g.* ECF No. 33-1 at 39 (Docs 298-304 describe copies of proposed legislation attached to a "CLG Update" email). This cache of newly disclosed documents are marked as "produced" in the agency's first *Vaughn* index submitted to the Court. *See* ECF No. 33-3. A review of the *Vaughn* and records revealed that many were unaltered attachments and were copies of court publicly available records. Court filings such as multiple docket entries from the *Juliana* youth climate case, copies of a Pennsylvania state bill, and a presentation from the California Air Resources Board had been withheld from EPI in full. *See id.* at 2, 36, 38, 39 (Doc. Nos. 002, 272, 288-89, 306). In another example, an email with the subject "Monday call" dated December 18, 2020 which was mostly redacted when initially produced to EPI, was also

released. Upon review, I could not discern a reasonable justification for applying Exemption 4 to and email dedicated soley to scheduling a meeting. The document does have public value, however, by indicating the amount of time TVA staff spent working with McGuireWoods. Compare Tait Decl. Ex. A, ECF No. 27-1 at 31 (including a previously produced version of Doc. No. 69) with Exhibit B (version of Document No. 69 produced to EPI prior to TVA's filing of its Cross-Motion for Summary Judgment).

15. As stated in TVA's Memorandum in Support of its Motion for Summary Judgment, the documents related to FOIA Request 109 released after the filing of litigation were ones "for which McGuireWoods had withdrawn objections and for which TVA had no separate objections." ECF No. 31 at 12. Based upon these disclosures, it could have been reasonably assumed that either TVA did not conduct a segregability review as claimed in its administrative appeal or it enforced McGuireWoods' unreasonable application of FOIA Exemptions even after EPI appealed.

16. After briefing by both parties, EPI narrowed its list of documents in dispute to those most likely to benefit the public's understanding of TVA's activities.

17. The Court's October 2023 Order discussed some but not all of the inadequacies of the TVA's *Vaughn,* ECF No. 44 at 5, and ordered TVA to submit a supplemental *Vaughn* and/or supplemental declarations. *Id.* at 11.

18. On November 28, 2023, TVA filed a supplemental *Vaughn*, supplemental Declaration, and supplemental brief. In its supplemental *Vaughn*, but without discussing the action in its supplemental brief, TVA withdrew its Exemption 5 claims for 67 documents. Compare EDF No. 45-1 and 33-3. TVA also reinstated claims that it previously waived in its Reply, ECF No. 40, for document numbers 032, 104, 120, 180, 185, and 366. TVA also inserted language discussing

5
Case 3:22-cv-00220-TAV-DCP   Document 54   Filed 11/18/24   Page 5 of 13   PageID #: 1003

a "common interest" in documents which required EPI to respond to a potentially new argument regarding attorney client privilege. ECF No. 45-1 at 1, 2, 5, 6.

19. Also on November 28, 2023, TVA provided a letter and as well as copies of documents previously withheld in full to EPI. Exhibit 3 (Letter discussing the release of Doc Nos. 109, 110, 112, 113, 114, 115, 116, 117 and 118.).

20. In sum, TVA has released a significant amount of records and public information to EPI throughout this litigation.

## EXPLANATION OF COUNSEL'S FEES AND RATES

21. The rates I seek are justified and reasonable because of my experience with FOIA challenges as well as the background policy issues underlying this request. I have reviewed my fee tracking sheet and eliminated time that I consider to be duplicative to the work of co-counsel or otherwise less efficiently spent. I seek only time spent on core tasks and have omitted certain activities such as my time spent on administrative appeals, more in-depth reviews of the *Vaughn* index, organizing of document productions, and some discussions with EPI and co-counsel.

22. I did, however, include in my reasonable assessment of fees time spent in attempting good-faith negotiation at the outset of litigation with opposing counsel regarding TVA's inconsistency in interpreting the permissible scope of FOIA Exemptions and the agency's apparent failure to properly conduct a segregability review, for instance.

23. In considering my experience with federal FOIA litigation and for simplicity, I have used the Fitzpatrick Matrix hourly rate to calculate fees, which can be found here: https://www.justice.gov/usao-dc/media/1353286/dl?inline.

24. Descriptions of tasks are set forth in the billing log included below as Exhibit A. My co-counsel, Zehava Robbins and I did not share a time-keeping method or program, but utilized our own systems to contemporaneously record the date, description of task, and time spent working on this case.

25. The total amount of time worked on this case is 65.3 hours totaling $38, 039 using the Fitzpatrick Matrix. *See* Ex. 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th of November, 2024.

*Allison Kole*
Allison Kole

Admitted *Pro Hac Vice*
D.C. Bar No. 1031724
General Counsel
Energy and Policy Institute
P.O. Box 337
El Verano, CA 95433
(202) 596-7540
allison@energyandpolicy.org

Exhibit A-1: Fee Sheet for Allison Kole

| Date | Task | Time Spent | Fitzpatrick Rate |
|---|---|---|---|
| 06.07.22 | Review TVA complaint | 0.5 | 563 |
| 06.23.22 | Prepare pro hac vice application | 0.8 | 563 |
| 08.02.22 | Confer (email) opposing counsel 26(f) conference | 0.3 | 563 |
| 08.08.22 | Call with opposing counsel | 0.3 | 563 |
| 08.11.22 | Review/approve 26 f report changes from opposing counsel | 0.2 | 563 |
| 08.29.22 | Review and edit motion and memo for leave to amend | 0.7 | 563 |
| 10.31.22 | Confer with opposing counsel regarding settlement-email | 0.1 | 563 |
| 12.01.22 | Confer with opposing counsel regarding settlement-email | 0.3 | 563 |
| 12.13.22 | Confer with opposing counsel regarding settlement-call | 0.3 | 563 |
| 01.11.23 | Confer with opposing counsel | 0.7 | 563 |
| 01.21.23 | Review material sent by opposing counsel | 0.9 | 563 |
| 01.27.23 | Settlement proposal-email | 0.7 | 576 |
| 02.08.23 | Settlement communication-email | 0.2 | 576 |
| 02.28.23 | Research -memo prep | 1.3 | 576 |
| 03.02.23 | Research -memo prep | 0.7 | 576 |
| 03.13.23 | Research-memo B4 | 0.3 | 576 |
| 03.14.23 | Research-memo B5 | 0.7 | 576 |
| 3.17.23 | Research -memo prep | 0.8 | 576 |
| 3.20.23 | Research | 0.8 | 576 |
| 03.31.23 | research and notes procedure and discovery | 0.7 | 576 |
| 04.04.23 | Review TVA document production | 0.6 | 576 |
| 04.06.23 | memo writing and research | 1.2 | 576 |
| 04.06.23 | confer with co-counsel regarding documents | 0.2 | 576 |
| 04.10.23 | memo writing and research | 0.8 | 576 |
| 4.14.23 | Review TVA letter and production | 0.5 | 576 |
| 4.14.23 | Confer with client on TVA letter | 0.2 | 576 |
| 4.14.23 | Draft and revise response letter and attachment | 2.2 | 576 |
| 04.24.23 | Review proposal from TVA | 0.8 | 576 |

| Date | Description | Hours | Rate |
|---|---|---|---|
| 04.26.23 | Edits to memo draft | 1.3 | 576 |
| 05.01.23 | Client communication | 0.3 | 576 |
| 05.01.23 | Drafting for memo | 1 | 576 |
| 05.02.23 | Respond to TVA proposal | 0.5 | 576 |
| 05.02.23 | Drafting for memo | 2.4 | 576 |
| 05.03.24 | Drafting for memo | 3.3 | 576 |
| 05.03.23 | Drafting for memo | 1.8 | 576 |
| 05.03.23 | memo writing | 0.7 | 576 |
| 5.12.23 | Declaration with Client | 1.3 | 576 |
| 5.12.23 | Review memo draft | 0.5 | 576 |
| 05.12.23 | memo-SOF drafting | 1.3 | 576 |
| 05.15.23 | Review Declaration | 0.5 | 576 |
| 05.15.23 | memo-research | 1.1 | 576 |
| 05.16.23 | Revise memo | 3.3 | 576 |
| 05.18.23 | Review TVA message and draft motion to file consolidated brief | 0.3 | 576 |
| 05.19.23 | Edits to draft motion and send to TVA | 0.3 | 576 |
| 05.22.23 | Review additional changes from TVA and email consent to filing | 0.4 | 576 |
| 06.12.23 | Review TVA letter and production | 0.3 | 576 |
| 06.13.23 | Review TVA opposition motion | 0.8 | 576 |
| 06.13.23 | Confer with co-counsel on response | 0.3 | 576 |
| 06.20.23 | Response Motion Research | 2.2 | 576 |
| 06.22.23 | Response Motion drafting | 3 | 576 |
| 06.28.23 | Response Motion drafting | 2.8 | 576 |
| 7.06.23 | Edit Response motion | 1.3 | 576 |
| 07.06.23 | correspond with TVA about supplemenal release | 0.2 | 576 |
| 07.09.23 | Review EPI Declaration | 1 | 576 |
| 07.10.23 | Review attachments to be submitted with response motion | 1 | 576 |
| 07.18.23 | Review TVA reply motion | 0.4 | 576 |
| 08.11.23 | Correspondence from TVA | 0.4 | 576 |
| 08.11.23 | Edits to proposed JSR | 0.4 | 576 |
| 10.04.23 | Review proposed joint motion and proposed order | 0.3 | 612 |
| 10.06.23 | Review court order | 0.2 | 612 |
| 10.07.23 | Confer with co-counsel and client | 0.4 | 612 |

| Date | Description | Hours | Rate |
|---|---|---|---|
| 11.28.23 | Review letter from TVA and supplemental release | 0.6 | 612 |
| 11.29.23 | Review supplemental brief, Vaughn and attachments from TVA | 1.2 | 612 |
| 11.30.23 | Research and drafting response to supplement | 1.4 | 612 |
| 12.01.23 | Research and drafting response to supplement | 2.9 | 612 |
| 12.04.23 | Research and drafting response to supplement | 3.8 | 612 |
| 12.08.23 | Edits to draft response | 1.2 | 612 |
| 12.11.23 | edits to draft response | 0.8 | 612 |
| 12.12.23 | Review vaughn and final documents to challenge | 1 | 612 |
| 12.12.23 | Confer with co-counsel | 0.6 | 612 |
| 12.12.23 | Confer with client | 0.4 | 612 |
| 12.12.23 | File suppl. response | 0.3 | 612 |
| TOTAL | | 67.3 | 39, 242 |

**Descamps, Tracy Sue**

| | |
|---|---|
| **From:** | Jaber, Makram B. <MJaber@mcguirewoods.com> |
| **Sent:** | Friday, December 18, 2020 11:30 AM |
| **To:** | Koroa, M Carolyn |
| **Subject:** | Monday call |

**This is an EXTERNAL EMAIL from outside TVA. THINK BEFORE you CLICK links or OPEN attachments. If suspicious, please click the "Report Phishing" button located on the Outlook Toolbar at the top of your screen.**

Carolyn,

Allison, Aaron, and I were just talking and we realized that there is no exploratory committee meeting on the calendar for Monday. This was unintentional, as the series just ended then when Allison set it up. Should we schedule one last call for the year for this Monday? I personally like these regular calls because they have the effect of keeping everyone focused and somewhat disciplined. On the other hand, we're getting to the end, and while we have some work to do (questionnaire, "communication plan", etc.) and discuss, much of it can be done by e-mail.

Thoughts?

Makram

**Makram B. Jaber**
Partner
McGuireWoods LLP
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
T: +1 202 857 2416
(b) (6)
F: +1 202 828 3356
[mjaber@mcguirewoods.com](mailto:mjaber@mcguirewoods.com)
[Bio](#) | [VCard](#) | [www.mcguirewoods.com](http://www.mcguirewoods.com)

**McGuireWoods**

---

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*



**Tennessee Valley Authority**, 400 West Summit Hill Drive, Knoxville, Tennessee 37902-1401

November 28, 2023

Zehava Robbins (via email at zrobbins@essential.org)
Allison Kole (via email at akole@essential.org; allison.kole@gmail.com)
Christopher Scott Irwin (via email at christopherscottirwin@yahoo.com)
Essential Information, Inc.

Re: *Energy and Policy Institute v. Tennessee Valley Authority*, No. 3:22-cv-00220-TAV-DCP (E.D. Tenn.)

Counsel:

TVA is providing EPI with a link to a One Drive folder with the following documents, Nos. 109, 110, 112, 113, 114, 115, 116, 117 and 118.

While it is TVA's position that its initial withholding of these documents was reasonable given that the documents consist of communications between attorneys and clients as well as draft documents, upon further review TVA has determined that portions of the documents previously withheld as privileged can be disclosed, with redactions for any exempt information.

As to Nos. 110, 114 and 118, TVA has withdrawn its claim of attorney-client privilege with respect to the red-line edits in these documents, which are drafts of the legal services contract between TVA and McGuireWoods. The withdrawal of the privilege enables TVA to produce the documents with any information that remains exempt redacted. As you recall, TVA produced the final, executed copy of this contract, Contract No. 15140, dated May 28, 2020, to EPI on June 3, 2021, in response to EPI's FOIA Request No. 21-FOI-00107.

As to Nos. 109, 112, 113, 114, 115, 116 and 117, these are email communications which are part of an email chain between McGuireWoods and TVA's Office of General Counsel regarding the finalization of Contract No. 15140. TVA determined that these communications contain reasonably segregable factual information, which is being produced.

Please let me know if you have any questions.

Sincerely,

*Lane McCarty*

Lane E. McCarty
Attorney, Litigation

Zehava Robbins, Esq.
Allison Kole, Esq.
Christopher Scott Irwin, Esq.
November 28, 2023
Page 2

Office of the General Counsel
Tennessee Valley Authority
Telephone    865.632.2396
Email    lemccarty@tva.gov

CC.    David D. Ayliffe (via email ddayliffe@tva.gov)

100886805