UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

ENERGY AND POLICY INSTITUTE,

    Plaintiff,

v.

TENNESSEE VALLEY AUTHORITY,

    Defendant.

No. 3:22-cv-00220-TAV-DCP

**REPLY IN SUPPORT OF EPI'S MOTION FOR ATTORNEY FEES AND COSTS**

Chris Irwin
BPR No. 025478

Zehava Robbins
Pro Hac Vice
D.C. Bar No. 242265

Allison Kole
Pro Hac Vice
D.C. Bar No. 1031724

*Attorneys for Plaintiff*

December 20, 2024

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 1

    A. EPI Has Substantially Prevailed and Is Therefore Eligible for an Award of Fees and Costs. ........................................................................................................................... 1

    B. EPI Is Entitled to an Award of Attorney Fees and Costs Where the Balance of Equitable Considerations Weighs Strongly in EPI's Favor and EPI's Claims Were Factually and/or Legally Interwoven and Therefore Are Not Readily Separable. ................................... 3

        1. There is a public benefit deriving from the case. ............................................. 4

        2. It is uncontested that EPI does not commercially benefit from the documents and that EPI's interest is in informing the public on matters that are of potential interest to the public……………………………………………………………………………………...5

        3. TVA engaged in obdurate behavior without a reasonable basis in law when it applied unsupported FOIA exemptions, wrongfully withheld material in full, and removed redactions without informing the Court or EPI on its final Vaughn index. ............................ 6

    C. EPI expended a reasonable number of hours on this litigation. ........................................ 7

    D. EPI has calculated reasonable hourly rates based on its attorneys' level of experience. ..... 8

    E. The "general reduction method" should not be used here. ............................................... 10

III. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

Cases

*ACLU v. DHS*, 810 F. Supp. 2d 267 (D.D.C. 2011) ........................................................................ 3
*Blum v. Stenson*, 465 U.S. 886 (1984) ............................................................................................ 9
*Campbell v. U.S. Dep't of Justice*, 164 F.3d 20 (D.C. Cir. 1998) .................................................. 5
*Davy v. CIA*, 550 F.3d 1155 (D.C. Cir. 2008) ................................................................................ 4
*Dorsen v. SEC*, 15 F. Supp. 3d 112 (D.D.C. 2015) ........................................................................ 5
*Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856 (D.C. Cir. 1981) 3
*GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449 (6th Cir. 1998) .................................................................. 1
*Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94 (D.D.C. 2016) ....................................................... 2
*Grand Canyon Tr. v. Zinke*, 311 F. Supp. 3d 381 (D.D.C. 2018) .................................................. 2
*Hadix v. Johnson*, 65 F.3d 532 (6th Cir. 1995) ............................................................................. 9
*Judicial Watch, Inc. v. DOJ*, 774 F. Supp. 2d 225 (D.D.C. 2011) ............................................ 4, 6
*Judicial Watch, Inc. v. DOJ*, 878 F. Supp. 2d 225 (D.D.C. 2012) ................................................ 3
*Malone v. U.S. Pat. & Trademark Off.*, No. 1:23CV-1050, 2024 WL 3030650 (E.D. Va. June 17, 2024) ........................................................................................................................................ 2
*Miller v. Davis*, 267 F. Supp. 3d 961 (E.D. Ky. 2017) .................................................................. 9
*Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42 (D.D.C. 2012) .............................. 2, 3, 10
*Morley v. CIA*, 810 F.3d 841 (D.C. Cir. 2016) .......................................................................... 4, 5
*Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016) ............................... 8, 9
*Stepp v. Wilkie*, No. 17-3594(E), 2020 U.S. App. Vet. Claims LEXIS 1581 (Vet. App. Aug. 21, 2020) ........................................................................................................................................ 8
*Tchefuncta Club Estates v. Army Corps of Eng'rs*, No. 10-1637, 2011 WL 2037667 (E.D. La. May 24, 2011) ........................................................................................................................... 1
*Valencia v. U.S. Citizenship & Immigr. Serv.*, No. 12-102, 2012 WL 3834938 (D. Utah Sept. 4, 2012) ..................................................................................................................................... 1, 3
*Waldo v. Consumers Energy Co.*, 726 F.3d 802 (6th Cir. 2013). ................................................. 7
*Weisner v. Animal & Plant Health Inspection Serv.*, No. 5:10-CV-00568, 2012 WL 2525592 (E.D.N.C. June 29, 2012) ......................................................................................................... 1
*Yonemoto v. Dep't of Veterans Affairs*, 549 F. App'x 627 (9th Cir. 2013) ................................ 6, 7

Statutes

5 U.S.C. § 552(a)(8), ....................................................................................................................... 2
5 U.S.C. § 552(a)(4)(E) ................................................................................................................... 1
5 U.S.C. § 552(b) ............................................................................................................................ 2
5 U.S.C. §§ 552(a)(3)(A) ................................................................................................................ 2
5 U.S.C. § 552(d) ............................................................................................................................ 2

Regulations

18 C.F.R. §§ 1301.4-1301.8 ........................................................................................................... 2

## I. INTRODUCTION

Pursuant to 5 U.S.C. § 552(a)(4)(E), Plaintiff Energy and Policy Institute ("EPI" or "Plaintiff") is eligible for and entitled to reasonable attorney fees and other litigation costs in this because EPI has substantially prevailed over the Tennessee Valley Authority ("TVA") .

## II. ARGUMENT

### A. EPI Has Substantially Prevailed and Is Therefore Eligible for an Award of Fees and Costs.

A requester who has substantially prevailed is eligible for reasonable attorney fees and litigation costs. 5 U.S.C. §§ 552(a)(4)(E)(i)-(ii). EPI has provided sufficient support for its motion for fees and costs under the catalyst theory by demonstrating "that the existence of the lawsuit had a causative effect upon the release of that information." *GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998). In its response, TVA attempts to limit the application of FOIA's fee-shifting statute by redefining what constitutes a voluntary change in position under the catalyst theory based on its own interpretation of the word "voluntary" and by citing case law inapplicable to the present controversy.[1] *See* ECF No. 59 at 11-12. TVA also improperly insists that a certain percentage of documents have to be released to substantially prevail under the catalyst theory.[2]

---

[1] The cases cited by TVA to support their interpretation either are not on point or do not stand for what TVA wishes. *See, e.g.*, *Valencia v. U.S. Citizenship & Immigr. Serv.*, No. 12-102, 2012 WL 3834938, at *4 (D. Utah Sept. 4, 2012) (agency produced documents as a matter of course one week after supplemental complaint filed, with "no evidence" filing caused disclosure); *Tchefuncta Club Estates v. Army Corps of Eng'rs*, No. 10-1637, 2011 WL 2037667, at *4 (E.D. La. May 24, 2011) (no voluntary change where arguments became moot because records entered public space after finalization of federal permit); *Weisner v. Animal & Plant Health Inspection Serv.*, No. 5:10-CV-00568, 2012 WL 2525592, at *2 (E.D.N.C. June 29, 2012) (no voluntary change where agency was able to release records only after separate enforcement proceeding concluded).

[2] The cases cited by TVA do not support their theory. *See, e.g.*, *Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 48 (D.D.C. 2012) (plaintiff did not substantially prevail because processing of request was "only one small piece" and plaintiff received no documents); *Malone v. U.S. Pat. & Trademark Off.*, No. 1:23CV-1050, 2024 WL 3030650, at *4 (E.D. Va. June 17, 2024) (production of 14 pages was "relatively insignificant" given that agency had

Instead, as explained in EPI's motion, a requester can substantially prevail with the release of a single document. *See* ECF No. 53 at 9-11. TVA repeatedly and unjustifiably withheld records from EPI and only released documents or withdrew exemptions as a direct result of the pressure of litigation, despite its attempts to shift blame to the submitter,[3] claim that 166 documents released during litigation do not count toward eligibility, and improperly discount the disclosure of another nine documents. EPI has substantially prevailed when viewing this case "in its totality." *Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 48 (D.D.C. 2012); ECF No. 53 at 1-6, 10-11, 17.

TVA regulations direct the manner of consultation with submitters of information but in no way allow TVA to shift responsibility for withholding records to the submitter. *See* 18 C.F.R. §§ 1301.4-1301.8 (placing FOIA Officer in position of authority over all aspects of FOIA determinations). TVA is bound by the Act and is ultimately the entity responsible for withholding or releasing records. 5 U.S.C. §§ 552(a)(3)(A), (a)(8), (d). Under TVA regulations, the agency should consider a submitter's objections but should not uphold those objections if TVA does not believe they are justified under FOIA. 18 C.F.R. § 1301.8(f); 5 U.S.C. § 552(b). TVA could have disclosed material that McGuireWoods objected to if it thought the claims did not have merit, and it also could have continued to claim the exemptions even after McGuireWoods withdrew their objections if TVA truly thought the claims had merit. *See* 5 U.S.C. § 552 (b)(4); 18 C.F.R. §1301.8. TVA did not do so, and the disclosure of records during the course of litigation was therefore a voluntary change by TVA. It is not "normal procedure" to defer to McGuireWoods's

---

already disclosed 1,505 pages); *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94 (D.D.C. 2016) (questioning causation in a failure-to-respond case where production was not accelerated as a result of litigation); *Grand Canyon Tr. v. Zinke*, 311 F. Supp. 3d 381 (D.D.C. 2018) (same).
[3]     In its brief, TVA tries to have it both ways by claiming that it had a reasonable basis to apply redactions while also claiming that only the objections of McGuireWoods stood in the way of release of records. *Compare* ECF No. 59 at 17 and 9.

judgment of whether an exemption applies. *See Valencia*, 2012 WL 3834938, at *4. Put simply, the buck stops with TVA.

Letters written by TVA present only TVA's narrative surrounding disclosure of documents during litigation but do illustrate how the agency was forced to reexamine its withholdings and then voluntarily released records as a result of litigation. *See, e.g.*, *Judicial Watch, Inc. v. DOJ*, 878 F. Supp. 2d 225, 233 (D.D.C. 2012) (release of records as agency prepared for litigation indicated records would not have been released but for litigation); *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 872 (D.C. Cir. 1981) (finding agency "would not have voluntarily undertaken to review those files" without litigation); *ACLU v. DHS*, 810 F. Supp. 2d 267, 274-75 (D.D.C. 2011) (noting courts have held that litigation "substantially caused" disclosure when it occurred during preparation of *Vaughn* index). Since the filing of the complaint, EPI has consistently pointed out specific deficiencies in the application of exemptions and TVA has repeatedly released new records and withdrawn exemption claims. *See* ECF Nos. 59-1, 59-2, 59-3, 59-4. Viewing this case "in its totality," *Mobley*, 908 F. Supp. 2d at 48, TVA released 175 documents and withdrew Exemption 5 claims from dozens of others during the course of this litigation. *See* ECF No. 59 at 4. Without litigation, TVA would never have made any of these voluntary changes, and thus EPI has substantially prevailed and is eligible for fees.

**B. EPI Is Entitled to an Award of Attorney Fees and Costs Where the Balance of Equitable Considerations Weighs Strongly in EPI's Favor and EPI's Claims Were Factually and/or Legally Interwoven and Therefore Are Not Readily Separable.**

To determine whether a FOIA complainant is entitled to fees, the Court considers at least the following factors: "the benefit to the public deriving from the case; the commercial benefit to the complainant and the nature of its interest in the records; and whether the agency's withholding had a reasonable basis in law." *Am. Commercial Barge Lines Co. v. N.L.R.B.*, 758 F.2d 1109, 1111

(6th Cir. 1985). TVA does not contest that there is no commercial benefit to EPI and that EPI's interest in the records is in informing the public on matters that are of potential interest to the public and therefore concedes that those factors weigh strongly in favor of EPI. In addition, there is strong potential public benefit from EPI's requests and TVA has failed to demonstrate that it had a reasonable basis for withholding the records that it disclosed during the course of litigation or for claiming Exemption 5. EPI is therefore entitled to an award of fees and costs.

1. **There is a public benefit deriving from the case.**

The first factor weighs heavily in favor of EPI despite TVA's attempt to recharacterize the standard. EPI need not prove a specific benefit from the records that TVA released[4] and must only show the "potential public value of the information sought." *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008). *See also Morley v. CIA*, 810 F.3d 841, 844 (D.C. Cir. 2016) ("[I]f it's plausible *ex ante* that a request has a decent chance of yielding a public benefit, the public-benefit analysis ends there."). Indeed, courts have placed the burden on agencies to demonstrate the extent to which released information is already in the public domain to rebut a claim of potential public benefit. *See, e.g.*, *Judicial Watch, Inc. v. DOJ*, 774 F. Supp. 2d 225, 230-31 (D.D.C. 2011) (factor weighed in favor of plaintiff even where some documents had been previously released); *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 36 (D.C. Cir. 1998) ("[O]nly material that has met a threshold level

---

[4] The cases cited by TVA to support their interpretation are either not on point or misleadingly summarized. *See, e.g.*, *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979) (no public benefit where request primarily furthered private commercial interest); *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (no public benefit where plaintiff sought documents "for the sole purpose of facilitating her employment discrimination suit" and "d[id] not even argue" public benefit); *Chesapeake Bay Found. v. Dep't of Agric.*, 108 F.3d 375, 377 (D.C. Cir. 1997) (no public benefit where only difference between pre-litigation offer and court's solution was not having to pay postage, "which is hardly a significant public benefit"); *Aviation Data Serv. v. FAA*, 687 F.2d 1319, 1323 (10th Cir. 1982) (where disclosure is sought for commercial purposes, attorney fees may only be awarded if there is more than a "minimal, incidental and speculative" public benefit).

of public dissemination will not further 'public understanding' within the meaning of [FOIA's] fee waiver provisions."). In addition, courts have held that even small pieces of new information may have public benefit. *See, e.g.*, *Dorsen v. SEC*, 15 F. Supp. 3d 112, 122 (D.D.C. 2015) ("[I]n the aggregate, such information may provide significant public benefit."); *Morley*, 719 F.3d at 691 (Kavanaugh, J., concurring) ("[I]nformation sometimes becomes meaningful only when later pieced together with other information.").

TVA improperly attempts to increase the burden by claiming that EPI must show how particular pieces of information disclosed in response to these requests adds to the public benefit. Yet EPI has met its burden by repeatedly explaining that it submitted the FOIA requests at issue in this case in order to obtain information showing how a government agency is involved in special-interest trade groups that oppose environmental laws protecting regulations for clear air and clean water. *See* ECF No. 19 at 2; ECF No. 27 at 1-2, 5. These requests are a direct continuation of EPI's previous research, which has been published on its website as well as in national news sources. *See* ECF No. 53 at 14. It was thus "plausible *ex ante* that [these] requests ha[d] a decent chance of yielding a public benefit," *Morley*, 810 F.3d at 844, and EPI has also already used some of the information that it obtained during the course of this litigation. *See* Ex. A, Second Suppl. Tait Decl.; ECF No. 53 at 14-15. The public benefit factor thus weighs heavily in favor of EPI.

2. **It is uncontested that EPI does not commercially benefit from the documents and that EPI's interest is in informing the public on matters that are of potential interest to the public.**

TVA acknowledges the second and third considerations regarding entitlement only in a conclusory footnote which states that they "do not weigh strongly in favor of fees or are neutral" without providing any further support or explanation to justify its statement, effectively conceding them. These factors should therefore be presumed to be strongly in favor of EPI. *See, e.g.*, *Judicial Watch, Inc. v. U.S. DOJ*, 774 F. Supp. 2d 225, 231 (D.D.C. 2011) (finding plaintiff's arguments

5

for factors two and three persuasive and holding they weighed in favor of fee award where DOJ did not respond).

> 3. **TVA engaged in obdurate behavior without a reasonable basis in law when it applied unsupported FOIA exemptions, wrongfully withheld material in full, and removed redactions without informing the Court or EPI on its final Vaughn index.**

The final factor assesses "whether the agency's withholding had a reasonable basis in law." *Am. Commercial Barge Lines Co.* 758 F.2d at 1111. Courts have found, however, that initial decisions were not reasonable, and an agency was recalcitrant in its opposition, *Davy*, 550 F.3d at 1162, where the agency "repeatedly changed its positions as to which exemptions support[ed] withholding." *Yonemoto v. Dep't of Veterans Affairs*, 549 F. App'x 627, 630 (9th Cir. 2013) (agency's withholding "was, overall, unreasonable" where it abandoned reliance on exemptions during litigation and plaintiff "incurred significant legal fees responding to arguments that the VA either knew were tenuous or would ultimately abandon, and supporting his claim to documents that the VA would ultimately disclose").

Despite TVA's statements claiming otherwise, ECF No. 59 at 16-17, the Court never had to rule on whether the documents disclosed during the course of litigation were properly withheld because TVA repeatedly withdrew exemption claims and provided new segregable portions of records throughout this litigation whenever it realized it could not legally justify its withholdings. Indeed, the Court directly questioned some of TVA's justifications in response to the first round of summary judgment briefing and ordered TVA to provide supplemental material. *See, e.g.*, ECF No. 44 at 1, 5, 11 (discussing TVA's "overly broad" explanations). TVA cannot assume this Court would have found a reasonable basis in law for withholding documents that were ultimately released, and, in fact, the opposite is strongly implied. In addition, TVA cannot claim that it had a reasonable basis for withholding any records pursuant to Exemption 5 where the Court ultimately

did not rule on any of those claims. *See, e.g.*, ECF No. 53 at 18 (discussing how Exemption 5 claim for contract sought in Request 208 is incorrect as a matter of law).

As in *Yonemoto*, 549 F. App'x at 630, TVA "repeatedly changed its positions as to which exemptions support[ed] withholding" and EPI was obligated to respond to all of these arguments until TVA ultimately abandoned several of them, including all claims of the deliberative process privilege, at least 67 claims of attorney-client privilege, and 175 documents that were disclosed during—and as a direct result of—this litigation. *See* ECF No. 59 at 16, n.8 (TVA's discussion of "iterative" *Vaughn* indexes).

### C. EPI expended a reasonable number of hours on this litigation.

TVA claims that any hours attributable to work on FOIA Request 208 should be deducted and identifies a handful of discrete entries that it believes should be excluded. Deducting hours spent on claims related to FOIA Request 208 cannot be reasonably expected when both requests "are based on a common core of facts or are based on related legal theories" and therefore "should not be treated as distinct claims . . . for the purpose of calculating attorney fees . . . and the cost of litigating the related claims should not be reduced." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 823 (6th Cir. 2013). EPI does agree to remove hours spent on the Amended Complaint, which was only filed to add claims related to FOIA Request 208.[5] All other hours spent on this litigation, however, should be compensated because the challenges to TVA's application of Exemption 4 to Request 208 and Request 109 were "based on related legal theories" and Request 208 required little extra time beyond the necessary work for Request 109.

The Exemption 4 and 5 claims for Request 208 also arise from "a common core of facts" where there is only one document at issue, TVA applied the exemptions coextensively, and EPI

---

[5] EPI only agrees to remove these hours for the purpose of this motion for fees. EPI reserves the right to request fees for these hours if EPI eventually prevails on appeal.

was obligated to respond to both exemption claims. TVA then prevailed only on its Exemption 4 claims for Request 208. This Court did not rule on TVA's Exemption 5 government confidential commercial information privilege claim, but EPI maintains that it is correct on that legal issue and should be compensated for the small percentage of time spent briefing it.

EPI agrees to exclude the entry related to permissive joinder. *See* Ex. B-1, Amended Irwin Fee Sheet. EPI believes the other entries are properly included, however. TVA cites no case law to justify excluding time spent filing documents and copy-editing briefs, which includes legal review in addition to a standard clerical review. *See, e.g.*, *Stepp v. Wilkie*, No. 17-3594(E), 2020 U.S. App. Vet. Claims LEXIS 1581, at *10 (Vet. App. Aug. 21, 2020) (disallowing many clerical and administrative tasks but explicitly declining to reduce award for copy-editing tasks performed by attorneys). TVA also insists some entries regarding research are vague. More detail has been added to those entries for additional clarity. *See* Ex. C, Amended Kole and Robbins Fee Sheets, at 1-2. As previously stated, and as apparent from the relatively low number of total hours spent in two years of litigation, time spent reviewing documents was removed except for entries where review was required to properly respond to TVA.[6] *See* ECF No. 54 at 6.

### D. EPI has calculated reasonable hourly rates based on its attorneys' level of experience.

A court has "broad discretion in determining a reasonable hourly rate." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016). Although reasonable hourly rates are often based on "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), if "out-of-town counsel is a 'specialist,' a higher hourly rate may be permitted," *Miller v. Davis*, 267 F. Supp. 3d 961, 995 (E.D. Ky. 2017). To recover higher fees

---

[6] EPI includes the number of hours spent on this Reply in the attached amended fee sheets. *See* Ex. C, Amended Kole and Robbins Fee Sheets.

for an out-of-town specialist, "the district court must determine '(1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation.'" *Ne. Ohio Coal. for the Homeless*, 831 F.3d at 716 (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). *See also Miller*, 267 F. Supp. 3d at 966 (noting that DC attorneys' rates were reasonable even if "out of step with the local market").

It is evident from the number of DC Circuit FOIA cases cited throughout this litigation and the paucity of Sixth Circuit cases available for many FOIA-related issues that FOIA litigation is a specialty that occurs mainly in the District of Columbia's courts and very rarely in the Eastern District of Tennessee. *See, e.g.*, ECF No. 44 at 5, n.2 (noting that neither party cited to binding Sixth Circuit case law addressing attorney-client privilege in FOIA context). Attorneys Kole and Robbins are FOIA specialists who litigate primarily FOIA cases in federal and state court, and the vast majority of their federal FOIA cases take place in the District of Columbia, where Fitzpatrick Matrix rates apply. *See* ECF No. 53 at 20-22. Their extensive FOIA litigation experience was necessary to properly litigate this case, and they therefore qualify as out-of-town specialists.[7] Hiring them as out-of-town specialists was reasonable in this situation, particularly where they already represented EPI and are now employed by EPI, and the rates sought by Attorneys Kole and Robbins are reasonable according to the standards for FOIA attorneys of comparable skill, experience, and reputation in the District of Columbia.

---

[7] Because Attorney Irwin is based in the Eastern District of Tennessee and does not have specialized FOIA experience, necessitating the legal assistance of Attorneys Kole and Robbins, his reasonable hourly rate has been amended to $250, which is in line with the prevailing market rates in this community. *See* Ex. B, Second Irwin Declaration.

E.  **The "general reduction method" should not be used here.**

Finally, TVA claims that any fee award should be reduced to 2.5% based on its flawed calculation of the amount of EPI's success in this litigation. None of the cases relied on by TVA to support this type of reduction method are from the Sixth Circuit, and the one Sixth Circuit case cited in this section of TVA's brief is instead about whether the withholding had a reasonable basis in law, not any "general reduction." Viewed "in its totality," *Mobley*, 908 F. Supp. 2d at 48, out of 369 documents responsive to FOIA Request 109, TVA initially provided 55 pages and then ultimately disclosed another 175 documents during the course of litigation and withdrew dozens of other exemption claims that it was unable to justify. And where EPI succeeded in challenging an exemption for at least one document, time spent contending that exemption should be compensated in full. The fee award thus should not be reduced based solely on the percentage of records released.[8]

III.  **CONCLUSION**

EPI therefore respectfully requests that the Court grant this motion for a fee award where EPI is eligible for and entitled to attorney fees and costs and has requested a reasonable amount of attorney fees and costs, including $137,070.40 in attorney fees, a filing fee of $402,[9] and $180 in *pro hac vice* application fees, for a total of $137,652.40.

Respectfully submitted,

By:  */s/ Zehava Robbins*
Zehava Robbins
*Pro Hac Vice*
Counsel

---

[8] If, however, this Court determines there should be a reduction based on the number of pages disclosed, EPI's success rate is at least 56% (175/(369-55)), if not higher due to the additional withdrawn exemption claims.

[9] TVA's claim that EPI cannot recover costs under LR 54.1, which directs a *prevailing party* to present a bill of costs, is not relevant, as EPI moves for fees and costs under FOIA's fee-shifting statute, not as a "prevailing party" under LR 54.1.

Energy and Policy Institute
P.O. Box 337
El Verano, CA 95433
(202) 643-6267
zehava@energyandpolicy.org

Chris Irwin
BPR# 025478
PO Box 9682
Knoxville, TN 37940
(865) 257-4029
christopherscottirwin@yahoo.com

Allison Kole
*Pro Hac Vice*
General Counsel
Energy and Policy Institute
P.O. Box 337
El Verano, CA 95433
(202) 596-7540
allison@energyandpolicy.org

*Attorneys for Plaintiff*