UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ENVIRONMENTAL AND POLICY INSTITUTE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:22-CV-220-TAV-DCP |
| TENNESSEE VALLEY AUTHORITY, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion for attorney fees and costs [Doc. 52]. Defendant has responded in opposition [Doc. 59], and plaintiff has replied [Doc. 62]. Accordingly, this matter is ripe for resolution. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, plaintiff's motion [Doc. 52] will be **DENIED**.

The FOIA confers discretionary authority upon the district court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). The statute provides that a party "substantially prevailed" when it obtained "a judicial order, or an enforceable written agreement or consent decree," or when it caused "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id*. § 552(a)(4)(E)(ii). The second basis for fees is often referred to as the "catalyst theory," which "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the

defendant's conduct." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 601 (2001).

The United States Court of Appeals for the Sixth Circuit has explained that under the FOIA, "courts apply a two-part test" when they consider "whether to grant fees and costs." *GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998). "First, they decide whether the plaintiff 'substantially prevailed' and is thus eligible for such an award. *Id*. (first citing *Maynard v. CIA*, 986 F.2d 547, 568 (1st Cir. 1993); and then *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 587 (D.C. Cir. 1981)). "If so, they then determine whether the plaintiff is entitled to such an award based upon a balancing of equitable considerations." *Id*. (citing *Maynard*, 986 F.2d at 568; *Harris*, 653 F.2d at 587).

The Sixth Circuit has not yet ruled, however, on the relationship between the catalyst theory provision contained in the FOIA, *see* 5 U.S.C. § 552(a)(4)(E)(ii)(II), and the United States Supreme Court's 2001 decision in *Buckhannon*. *See Lawrence v. United States Small Bus. Admin.*, No. 20-11637, 2021 WL 4398328, at *8 (E.D. Mich. Sept. 27, 2021) (noting that "[t]he Sixth Circuit has not yet addressed this issue."). In *Buckhannon*, the Court held that "the 'catalyst theory' is not a permissible basis" for the award of attorney fees under a comparable fee-shifting provision contained within the Fair Housing Amendments Act and the Americans with Disabilities Act." 532 U.S. at 610. Chief Justice Rehnquist concluded that "[o]ur precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties." *Id*. at 605. Congress responded to this decision by amending the FOIA in 2007 to include the catalyst theory provision, which "abrogated

2

the rule of *Buckhannon* in the FOIA context and revived the possibility of FOIA fee awards in the absence of a court decree." *Lawrence*, 2021 WL 4398328, at *7 (quoting *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 525 (D.C. Cir. 2011)).

Seven other United States Courts of Appeals have held that the 2007 FOIA amendment "simply reinstated the pre-*Buckhannon* catalyst theory of recovery," including the requirement that a claimant show "a causal nexus between the litigation and the voluntary disclosure or change in position by the Government." *First Amend. Coal. v. U.S. Dep't of Just.*, 878 F.3d 1119, 1128 (9th Cir. 2017) (first citing *Brayton*, 641 F.3d at 521; then *Warren v. Colvin*, 744 F.3d 841 (2d Cir. 2014); then *Havemann v. Colvin*, 537 F. App'x 142 (4th Cir. 2013); then *Batton v. I.R.S.*, 718 F.3d 522 (5th Cir. 2013); then *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673 (7th Cir. 2009); and then *Zarcon, Inc. v. N.L.R.B.*, 578 F.3d 892 (8th Cir. 2009)), *abrogated on other grounds by Poulsen v. Dep't of Def.*, 994 F.3d 1046, 1050 (9th Cir. 2021). Although the precise contours of the catalyst theory in the FOIA context remain unsettled in this Circuit, 5 U.S.C. § 552(a)(4)(E)(ii)(II) expressly opens the door to fee eligibility where, as the United States Court of Appeals for the Fifth Circuit put it, "prosecution of the action could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information." *Batton*, 718 F.3d at 525 (citing *Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir. 1980)).

In its motion, plaintiff seeks a total award of $150,257.10, which includes attorney fees and costs, as well as filing and application fees [Doc. 53, pp. 25–26]. In support, plaintiff argues that it has substantially prevailed in this litigation "where TVA voluntarily

3

released new documents and withdrew exemption claims from others" [*Id*. at 11]. Although it appears to concede that it has not prevailed via the "judicial order" pathway, it submits that its lawsuit catalyzed TVA to voluntarily change its position as to the release of previously withheld documents and the invocation of FOIA exemptions over certain documents [*Id*. at 11–12].

In response, defendant argues that plaintiff is ineligible for an award because TVA did not voluntarily or unilaterally change its position at any point during this litigation [Doc. 59, p. 15]. Specifically, TVA submits that its changed positions as to withholdings and exemptions were caused by McGuireWoods—its legal counsel—and not by TVA, itself [*Id*. at 17–19]. In other words, defendant characterizes its actions as "mere 'pass through' of McGuireWoods' independent decisions to release these documents" [*Id*. at 18].

In reply, plaintiff argues that defendant mischaracterizes the applicable standard for demonstrating success under the catalyst theory [Doc. 62, p. 4]. Additionally, it argues that defendant cannot defer to a third-party like McGuireWoods because "the buck stops with TVA" [*Id*. at 5–6]. Plaintiff contends that without this litigation defendant would not have produced additional documents and withdrew certain claimed exemptions from other documents [*Id*. at 6].

After careful consideration of the parties' arguments, the Court finds that plaintiff has not "substantially prevailed" within the meaning of 5 U.S.C. § 552(a)(4)(E)(i) and is therefore ineligible for a discretionary award of attorney fees and other litigation costs. In its Memorandum Opinion [Doc. 48], the Court analyzed at length defendant's decisions to withhold and redact documents in response to plaintiff's two 2021 FOIA requests.

4

Ultimately, the Court determined that defendant satisfied its disclosure obligations under the FOIA and granted defendant's motion for summary judgment [*Id*. at 34]. Despite this result, plaintiff argues that defendant's release of additional documents and its revised invocations of certain FOIA Exemptions during the pendency of this litigation prove that it "substantially prevailed." But defendant released most of these documents in response to new representations by McGuireWoods regarding its sought exemptions—and before any motion practice [Doc. 59, p. 9]. The Court previously acknowledged plaintiff's continuing objection to McGuireWoods' participation in the FOIA withholding process in its Memorandum Opinion, and it bears repeating here "that FOIA expressly envisions cooperation of non-agency third parties in its statutory text" [Doc. 48, p. 9 n.4]. In the context of Exemption 4, in particular, defendant must rely in part upon the good faith representations of a third-party to determine whether information is "commercial" or "confidential" [*see id.* at 7–16]. And to the extent that plaintiff argues it is entitled to an award due to defendant's revisions of its *Vaughn* index, courts have rejected such arguments. *See Campaign for Responsible Transplantation v. Food & Drug Admin.*, 511 F.3d 187, 196 (D.C. Cir. 2007) ("The principal purpose of a *Vaughn* index is to facilitate the litigation process. A *Vaughn* index, without more, does not constitute court-ordered relief for a plaintiff on the merits of its FOIA claim, so it does not change the legal relationship between the plaintiff and the defendant.").

In sum, plaintiff has neither demonstrated that it prompted a "voluntary disclosure or change in position *by the Government*," *First Amend. Coal*, 878 F.3d at 1128 (emphasis added), nor that "the action had a substantive causative effect on the delivery of the

5

information," *Batton*, 718 F.3d at 525, sought in its original FOIA requests. Having determined that plaintiff is ineligible for an award under 5 U.S.C. § 552(a)(4)(E)(ii), the Court need not rule on whether the balance of equitable considerations favor such an award or whether the requested award amount is reasonable [*see* Doc. 53, pp. 12–21; Doc. 59, pp. 19–32]. *See GMRI*, 149 F.3d at 451.

For the reasons set forth above, plaintiff's motion [Doc. 52] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE